Edward VAN BLARGAN and Rose Van Blargan, Plaintiffs,

v.

WILLIAMS HOSPITALITY CORPORATION, as Operators and Managers of the El San Juan Hotel & Casino, Defendant.

Civ. No. 90–1389 (JP).

United States District Court,
D. Puerto Rico.

Jan. 10, 1991.

David C. Indiano, Manuel San Juan, Jiménez, Graffam & Lausell, San Juan, P.R., for plaintiffs.

Iván M. Fernández, Falcón & Fernández, Hato Rey, P.R., for defendant.

## ORDER

PIERAS, District Judge.

This is a case where the plaintiffs, Edward and Rose Van Blargan allege that the defendant Williams Hospitality Corporation as operator and manager of the El San Juan Hotel and Casino, failed to provide adequate security for its guests. The plaintiffs claim that the lack of adequate security accounts for the assault which Mr. Van Blargan suffered at the hands of an unknown assailant in the patio area of the Hotel when he was a guest there. The defendant claims that the security was sufficient. Under Puerto Rico law, a hotel has a duty to exercise reasonable care to maintain the premises safe for the use of its guests. Thus the issue of security is crucial in the adjudication of this case.

During the trial the plaintiff moved for the qualification of an alleged "security expert" by the name of Onofre Jusino Rosario. Mr. Jusino currently works as a Private Investigator and routinely offers his services as an expert witness in the following areas: security, ballistics, police misconduct, criminal psychology, and handwriting analysis. He has had approximately nine years experience as a Security Manager for two different pharmaceutical companies. In addition Mr. Jusino has had experience in the Puerto Rico police force as a Sergeant and Director of the Sexual Crimes Unit. Mr. Jusino's educational

background includes a B.A. in psychology from the Interamerican University in Puerto Rico; a Master's Degree in Criminal Justice and a Ph.D. in Criminal Justice from Southwest University in Louisiana. Mr. Jusino explained that Southwest University is an institution which only provides what is commonly known as correspondence courses, and in that manner dispenses degrees.

## I. ADMISSION OF WITNESSES PURSUANT TO FED.R.EVID. 702

Federal Rule of Evidence 702 states the following:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

In making the following decision, the Court is mindful of the opinion in the case of *In re Air Crash Disaster at New Orleans, La.*, 795 F.2d 1230, 1233 (5th Cir.1986), where the court recognized the trial judge's temptation to receive expert testimony by stating that the jury will "give it the weight it deserves." As the court pointed out, this easy explanation often masks the failure of the trial judge to confront an important trial decision. *Id.* The trial judge must be sensitive to qualifications of persons claiming to be experts. *Id.* For the reasons stated below, we deny plaintiff's request to have Mr. Jusino qualified as an expert.

## II. RULING ON SECURITY EXPERT

■ Pursuant to Rule 702, when determining whether to admit the testimony of an expert, the Court must first examine who the proposed expert is: does she fall within the traditionally known fields of learning and expertise such as architecture, engineering or medicine, and does she possess the knowledge, skill, experience, training or education so that she can be qualified as an expert. *See* 3 J. Weinstein & M. Berger, *Weinstein's Evidence* 702[04] (1988). Then we must examine the subject matter of the offered testimony, and whether the expert will help the jury understand the evidence or determine a fact in issue as Rule 702 provides.

Experts in the traditional professions work within fields which require rigorous professional training. These experts begin to develop their qualifications long before they are admitted to their particular professional school, because they must attend individual colleges and major in fields of study that prepare them for graduate school.

The best are admitted to these professional schools, sometimes ten applicants to a slot. The professional schools are extremely demanding and only the best students graduate. Then these professionals must pass further board and bar examinations and other difficult tests in order to be admitted into their profession—the lawyers in Puerto Rico know from the Puerto Rican Bar exam that only a very small percentage passes these exams.

These professionals go on to specialize in a particular area of practice. They develop a deep respect for truth and *ethics* which are of great importance in their practice. Professionals who do not conduct themselves within the ethical boundaries of their profession are subject to harsh penalties, including permanently surrendering their licenses to practice. Therefore they are always conscious of ethical behavior. We know then that their opinions are strengthened by professional safeguards that insure that the Court and jury will receive objective testimony and the truth as seen by the professional.

■ In light of these considerations, the Court finds that the education and experience of Onofre Jusino, proposed expert in the area of security, does not qualify him as an expert witness for the following three reasons: 1) his educational background fails to rise to the level of specialized knowledge we deem necessary to qualify him as an expert; 2) his work experience lacks any involvement with the hotel industry; and 3) his testimony would not possess the professional safeguards ensur-

ing objectivity. Furthermore, hotel security is not a subject matter which lends itself to expert testimony. In terms of the subject of the expert testimony to be offered in this case, the court must determine whether the offered testimony will assist the jury in understanding the evidence or determining a fact in issue. 3 J. Weinstein & M. Berger, *Weinstein's Evidence* 702[03]. Plaintiffs offer the proposed expert for testimony as to the security which hotels should ensure upon their premises.

■ Mr. Jusino's educational background is insufficient to qualify him as an expert in this case. Mr. Jusino explained to the Court that Southwest University provides a nontraditional education with independent study projects—in effect a correspondence school institution. The Court finds that an institution which dispenses degrees in such a manner, cannot be relied upon by a professional as a qualification to be an expert witness. The Court thus finds that Mr. Jusino lacks the necessary serious educational endeavors to qualify him as an expert in the field of security.

■ Mr. Jusino's lack of relevant work experience also prevents this Court from qualifying him as an expert. His work as a Security Manager is limited to the pharmaceutical industry. Mr. Jusino testified that the security needs of a pharmaceutical laboratory and hotel are distinct. The main goal of a pharmaceutical lab's security system is to prevent the theft of the manufactured products and to protect the real estate from disruption. In addition, the security team for a pharmaceutical lab solely contends with the flow of traffic from visiting contractors and employees. In contrast, a hotel is in the service industry and as such must contend with the those individuals which visit the hotel's casino and other service facilities, in addition to the employees and hotel guests which change on a periodic basis. Thus, work experience with one industry's security system does not qualify a person to testify as an expert as to another industry's security system. Mr. Jusino's lack of experience with the protection of hotel guests prevents him from qualifying as an expert in this subject area.

■ The determination of when experts may be used involves "the common sense inquiry as to whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved ..." Advisory Comm. Note to Fed.Rule Evid. 702. However, we find that the jury does not need additional enlightenment on this particular issue because this subject does not lend itself to expert testimony because it deals with common occurrences that the jurors have knowledge of through their experiences in everyday life. The jury, using its own judgment, must decide whether the totality of the circumstances which has been presented during the trial is enough to constitute a secure environment in accordance with the hotel's obligation under the law and jurisprudence. We conclude that the proposed expert's testimony in this case would not bring to the jury "anything more than the lawyers can offer in argument." *In re Air Crash Disaster*, 795 F.2d at 1233. The expert therefore runs the risk of becoming "nothing more than an advocate of policy before the jury" *Id.* The evidence as stated to the Court is to the effect that Mr. Jusino offers his services as an expert witness to the Puerto Rico Bar, with a mass mailing every other year. The Court understands that such a practice in effect makes the proposed witness an expert only for the party which employs him, rather than an objective expert witness. An expert witness should never become solely one party's expert advocate nor a "gun for hire". Rather, an expert witness should be an advocate of the truth with testimony to help the jury and the Court reach the ultimate truth in a case, which is the basis of any verdict.

■ As the Fifth Circuit has noted, the professional expert is a commonplace phenomenon in modern litigation. *In re Air Crash Disaster*, 795 F.2d at 1234. The fact that a person spends substantially all of her time consulting with attorneys and

testifying in trials is not a disqualification, but it is not an automatic qualification guaranteeing admission of expert testimony. Experts whose "opinions are available to the highest bidder have no place testifying in a court of law, before a jury, and with the imprimatur of the trial judge's decision that [s]he is an 'expert[,]' " and the trial judge must decide whether the signs of competence and of the contribution of the proposed expert will aid in clearly presenting the dispute. *Id.* at 1234. Further, this court refuses to join the many other judges that give into "the temptation to answer objections to receipt of expert testimony with the shorthand remark that the jury will give it "the weight it deserves." *In re Air Crash Disaster*, 795 F.2d 1230, 1233 (5th Cir.1986).

Finally, the witnesses who have dealt with the hotel's security system in question in this case, have already testified as to their experiences. We do not need an expert beyond what they have already attested to. The private investigator is not qualified to be an expert, and his proffered testimony would not assist the jury in any way. Specifically, we conclude that expert testimony on these matters usurps the prerogative of the jury as the fact finder and would therefore not assist the jury in understanding the evidence or determining a main issue of fact in this case, namely, whether the Hotel met its duty under Puerto Rico law to exercise reasonable care to maintain the premises safe for the use of its guests. Moreover, the Court finds that hotel security is not a subject which lends itself to expert testimony.

IT IS SO ORDERED.