Helen SELVIDGE, et al., Plaintiffs,

v.

UNITED STATES of America,
et al., Defendants.

No. 93–4083–DES.

United States District Court,
D. Kansas.

Jan. 19, 1995.

Ronald P. Pope, Eugene B. Ralston & Assoc., P.A., Topeka, KS, for executor plaintiffs Helen Selvidge, Harold Selvidge and Helen Selvidge.

Jackie A. Rapstine, Office of U.S. Atty., Topeka, KS, for defendant U.S.

M. Warren McCamish, Williamson & Cubbison, Kansas City, KS, for defendant Palmer F. Meek, M.D.

## MEMORANDUM AND ORDER

NEWMAN, United States Magistrate Judge.

This is a medical malpractice action against physician, Dr. Palmer Meek, and the United States of America, as the employer of certain Army physicians. The court held a pretrial conference in this case at which time plaintiffs' counsel requested leave to take three depositions including that of Dr. Timothy Sifers. Dr. Sifers has been retained by defendant Meek and designated to testify as an expert witness on his behalf as to the standard of care applicable to defendant Meek and his conformity to that standard. Plaintiffs propose to elicit from Dr. Sifers his opinions concerning the care and treatment afforded plaintiffs' decedent, John R. Selvidge, by the Army physicians. Ultimately, plaintiffs expect to use the testimony of Dr. Sifers in their case in chief to establish the standard of care applicable to physicians employed by the Army and the departure from the standard of care by such physicians. Defendant Meek objects to inquiry of Dr. Sifers on those opinions which are outside the scope of Dr. Sifers' testimony designated in this case. The court deferred its ruling and directed the parties to submit memoranda addressing this issue. Having reviewed the memoranda of the parties, the court is now prepared to rule.

In 1991, plaintiffs filed a medical malpractice action against defendant Dr. Palmer Meek in the District Court of Riley County, Kansas. The United States is not a party to the action. Defendant Meek retained and designated Dr. Timothy Sifers as his expert witness in that case. On February 2, 1993, plaintiffs took Dr. Sifers' deposition during which he rendered the following opinion concerning the care and treatment of John R. Selvidge by the Army physicians:

Q. You do agree with Doctor Capehart that if Doctor Meek was forthright with the Army and expressed his concern he states that he'd have criticism with the Army. Do you agree with that?

A. I do have some criticism of the Army, yes.

Q. Do you feel that their treatment of Mr. Selvidge deviated below standard of practice by failing to follow up or appreciate Doctor Meek's request for surgical result?

A. Yes.

Q. Do you think that was the significant cause of Mr. Selvidge's death if he's an operative candidate then as you say on the 17th?

A. In my opinion, yes.[1]

On April 6, 1993, plaintiffs filed the case now before the court, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, alleging medical malpractice arising out of the medical care and treatment provided by the Army. Plaintiffs also assert the medical negligence claims against Dr. Palmer Meek arising under the common law and joined under the court's supplemental jurisdiction.

On July 22, 1993, the court held a scheduling conference and issued a Scheduling Order which contains the following provision:

g. Counsel will exchange proposed exhibits and lists of proposed exhibits and witnesses. The lists of witnesses shall set forth the address of each witness, as well as the subject matter, and a brief synopsis of the substance of the facts to which each witness is expected to testify.... Witnesses expected to testify as experts shall be so designated. Witnesses and exhibits listed by one party may be called or offered by the other party....

Defendant Meek retained and designated Dr. Sifers as his expert witness in this case.[2] Plaintiffs, relying on Dr. Sifers' prior testimony, have also designated Dr. Sifers as an expert witness on the medical negligence of physicians employed by the Army.[3] Plaintiffs have been advised by counsel for defendant Meek that Dr. Sifers will not voluntarily

---

1. Deposition of Timothy M. Sifers, M.D., page 82.

2. Defendant Meek's Designation of Expert Witnesses filed October 15, 1993.

3. Amended Plaintiffs' Designation of Expert Witnesses.

offer his opinions as to treatment rendered by physicians employed by the Army nor will he speak informally with plaintiffs' counsel about any such opinions.

The issue before the court is whether a designated expert witness can refuse to render opinions during his deposition inquiry on matters about which he has previously been deposed in another action involving some of the same parties and issues, solely because he has not agreed to be retained to testify by the party seeking his opinions.

It is important to discern what this case does not involve. This is not a case wherein a physician, disinterested in the case, is involuntarily brought before the court to testify. This is not a case involving an informally consulted expert, or a specially retained consultant, who has not been designated as a witness. It does not involve an expert who has not agreed to testify in the case. Further, there is no suggestion that the expert witness has not formed opinions on the subject matter on which the inquiry is expected.

The facts before the court involve an expert witness who has not only formulated certain opinions on which inquiry is anticipated, but has previously testified to those opinions in a case involving the same plaintiffs and one of the defendants in this case, defendant Meek who has retained him. The court is presented with a situation wherein the witness was apparently willing to offer his opinions, and the party retaining him was willing to allow inquiry about those opinions, in a case in which the Army physicians' care and treatment was criticized but wherein the physicians, or their employer, were not parties to the case. In the facts before the court, the expert witness testified in the prior case to the opinions now in issue, without objection.

■ The court will first address the issue of whether plaintiffs may call Dr. Sifers as a witness to testify in their case in chief. This determination is necessary since inquiry during his deposition on the subject matter in dispute would only be appropriate if it could potentially lead to the discovery of admissible evidence which the plaintiffs could expect to offer in the case. In this regard, the Scheduling Order in the case is dispositive. The entry of a Scheduling Order controls the further proceedings in the case. Paragraph "g" of the Scheduling Order issued in this case on July 24, 1993, specifically provides that witnesses listed by one party may be called to testify by another party. Further, in accordance with the standing practice of this court, the Final Pretrial Order which will be entered in this case will provide similarly.

The language of the Scheduling Order is clear. Parties are entitled to call any witness, including an expert witness who is listed by the other party, to testify in the case. When an expert witness is designated, he is designated subject to the terms and conditions of the court's pretrial orders. Therefore, while Dr. Sifers has been retained and designated by defendant Meek as his expert witness, plaintiffs are entitled to call Dr. Sifers to testify in their case in chief should they so desire.

■ The court's inquiry does not end here. The ultimate issue is whether once called as a witness, Dr. Sifers can be compelled to give expert opinion testimony which was not designated by the party retaining him. The court has searched for cases involving facts such as those before it but has been unable to locate any such cases. The parties have not cited cases directly on point. None of the cited cases involve experts who had agreed to testify for one of the parties, but declined to testify for another party although previously having testified to the same opinions in another case involving some of the same parties. None of the cited cases involve experts who had previously rendered opinions on the specific issues in the case. A key fact in the matter before the court is that Dr. Sifers has previously testified, *without objection,* to the same conclusory opinions which the plaintiffs now seek to elicit. The only differences in the two cases are the forum and the additional party defendant in this case, i.e, The United States of America.

■ The purpose of an expert witness is to assist the trier of fact to understand the evidence or to determine facts in issue. Such witnesses, due to their special skills, knowledge, education and training, may testify in the form of an opinion or otherwise. Fed.

R.Evid. 702. Each party is permitted to retain an expert to offer such testimony. The party retaining the expert may not however, control the expert witness. Expert witnesses, as all other witnesses, are bound to testify truthfully. An expert witness should never become one party's expert advocate. An expert witness should be an advocate of the truth with testimony to help the court and the jury reach the ultimate truth in a case, which should be the basis of any verdict. *Van Blargan v. Williams Hospitality Corporation,* 754 F.Supp. 246, 248 (D.P.R. 1991).

The rule which the court applies to the facts of this case is simply that a designated expert witness may not withhold, upon inquiry, opinions which he may hold or which he may be required by appropriate inquiry to formulate, within the area of his expertise, simply because the inquiring party is not the party that has retained him. Nor may the retaining party control the expert witness in such a manner as to preclude him from expressing opinions which he holds simply because the opinions may adversely affect another party to the case.

Defendant Meek argues that compelling Dr. Sifers to testify in plaintiffs' case in chief or on issues on which he has not been retained to testify in this case, would interfere with his right to contract. The expert's right to contract is not in issue. Such right, to the extent applicable, is only in issue prior to the time that the expert agrees to testify in the case. Dr. Sifers was not obliged to agree to offer expert testimony in this case. The court assumes that he willingly and voluntarily agreed to testify in the case. At the time that he agreed to participate in this case he was aware of his prior testimony rendered in the state court case. Once designated, the expert witness, as any other witness, becomes subject to the court's rules, orders and procedures. The court finds that there is no right on behalf of an expert witness to answer only those questions propounded to him which he believes he has been retained to answer.

Nothing in this opinion precludes the payment of Dr. Sifers' reasonable and normal charges by plaintiffs for his time involved in the preparation for and the taking of his deposition. Nothing in this opinion requires Dr. Sifers to perform any consulting work for the plaintiffs outside of his deposition or his court testimony. This opinion is limited to the deposition testimony of the expert witness.

Plaintiffs are granted leave to take the deposition of Dr. Timothy Sifers consistent with this opinion. The requested depositions of Dr. Michael Morris and Dr. Timothy Sifers shall be completed within 60 days of the date of the entry of this order.

Copies of this order shall be mailed to all counsel of record and unrepresented parties.

IT IS SO ORDERED.