**Troy OVITSKY, Appellant,**

v.

**CAPITAL CITY ECONOMIC DEVEL-OPMENT CORPORATION t/d/b/a Ramada Inn on Market Square, Appellee.**

Superior Court of Pennsylvania.

Submitted June 30, 2003.
Filed Feb. 24, 2004.
Reargument Denied April 30, 2004.

Emily Smarto, Greensburg, for appellant.

Sharon M. O'Donnell, Harrisburg, and Marion H. Griffin, Philadelphia, for appellee.

Before: TODD, KELLY, JJ., and McEWEN, P.J.E.

TODD, J.

¶ 1 In this negligence action, Troy Ovitsky appeals the August 15, 2002 order entering summary judgment in favor of Capital City Economic Development Corporation t/d/b/a Ramada Inn on Market Square ("Ramada Inn"). We reverse.

¶ 2 In April 1997, Ovitsky was a business invitee at Ramada Inn while attending a convention. On April 20, 1997, at approximately 3:15 a.m., three males allegedly broke into Ovitsky's hotel room, assaulted him, and robbed two of Ovitsky's roommates.

¶ 3 Ovitsky brought this negligence case against Ramada Inn alleging that the assault and his resulting injury were due to Ramada Inn's failure to provide adequate security—specifically, Ovitsky claimed, *inter alia,* that the hotel had inadequate security personnel and equipment, that it failed to warn him of the danger of criminal assault, that it failed to inspect and repair the self-locking hotel room doors, and that it failed to limit access to the hotel premises. During discovery, Ramada Inn filed a motion for sanctions assert-

ing that Ovitsky repeatedly failed, *inter alia,* to produce an expert report. On August 28, 2001, the trial court granted the motion and precluded Ovitsky from introducing any expert testimony at trial. Ramada Inn later moved for summary judgment, asserting that Ovitsky could not prove a *prima facie* case of negligence without expert testimony. The trial court agreed and granted the summary judgment motion on August 12, 2002. This appeal followed.

¶ 4 On appeal, Ovitsky asserts that the trial court erred in concluding that expert testimony was required to prove his negligence case. To the contrary, he asserts that it is within the common experience of lay jurors to determine whether Ramada Inn breached a duty to him to provide adequate security.

¶ 5 Initially, we note that summary judgment properly is granted after the close of the relevant pleadings "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report" and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2(1). Our standard of review of an order granting or denying a motion for summary judgment pursuant to Rule 1035.2 is well established. In reviewing an order granting summary judgment, an appellate court must examine the record in the light most favorable to the non-moving party. *Curbee, Ltd. v. Rhubart,* 406 Pa.Super. 505, 508–09, 594 A.2d 733, 735 (1991); *Laventhol & Horwath v. Dependable Ins. Assoc., Inc.,* 396 Pa.Super. 553, 558, 579 A.2d 388, 390 (1990). We will reverse only if there has been an error of law or a clear abuse of discretion. *Hetrick v. Apollo Gas Co.,* 415 Pa.Super. 189, 194, 608 A.2d 1074, 1077 (1992).

¶ 6 Ovitsky's assertion of Ramada Inn's negligence rests on the duty prescribed in Section 344 of the Second Restatement of Torts. This section provides:

**§ 344. Business Premises Open To Public: Acts Of Third Persons Or Animals**

A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

  (a) discover that such acts are being done or are likely to be done, or

  (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

Restatement (Second) Torts § 344; *see generally Rabutino v. Freedom State Realty Co., Inc.,* 809 A.2d 933 (Pa.Super.2002) (analyzing application of Section 344 in wrongful death action on behalf of hotel guest shot to death by "partygoers" at hotel). Comment d to this section adds:

  *d. Reasonable care.* A public utility or other possessor of land who holds it open to the public for entry for his business purposes is not an insurer of the safety of such visitors against the acts of third persons, or the acts of animals. He is, however, under a duty to exercise reasonable care to give them protection. In many cases a warning is sufficient care if the possessor reasonably believes that it will be enough to enable the visitor to avoid the harm, or protect himself against it. There are, however, many situations in which the possessor cannot reasonably assume that a warning will be sufficient. He is then required to exercise reasonable

care to use such means of protection as are available, or to provide such means in advance because of the likelihood that third persons, or animals, may conduct themselves in a manner which will endanger the safety of the visitor.

Restatement (Second) Torts § 344 cmt. d. Under Section 344, therefore, Ramada Inn owed a duty to Ovitsky to "take reasonable precaution against harmful third party conduct that might be reasonably anticipated." *Rabutino*, 809 A.2d at 939.

¶ 7 At issue in this case is whether or not expert testimony was required to show that Ramada Inn, as Ovitsky alleges, breached that duty. It is well-established that "expert opinion testimony is proper only where formation of an opinion on a subject requires knowledge, information, or skill beyond what is possessed by the ordinary juror." *Commonwealth v. Carter*, 403 Pa.Super. 615, 618, 589 A.2d 1133, 1134 (1991). In negligence actions, "[e]xpert testimony is not required 'where the matter under investigation is so simple, and the lack of skill or want of care so obvious, as to be within the range of the ordinary experience and comprehension of even nonprofessional persons.'" *Welsh v. Bulger*, 548 Pa. 504, 514 n. 11, 698 A.2d 581, 586 n. 11 (1997) (quoting *Chandler v. Cook*, 438 Pa. 447, 451 n. 1, 265 A.2d 794, 796 n. 1 (1970)).

¶ 8 The trial court concluded that Ovitsky could not, without expert testimony, meet his burden to show that Ramada Inn breached its duty:

[Ovitsky must] show a jury whether or not [Ramada Inn's] safety precautions were reasonable. [Ovitsky] must demonstrate that the place or character of [Ramada Inn's] business is such that it could have reasonably anticipated criminal conduct by third persons, overall, or on April 20, 1997. . . . In this case, a layperson does not have the requisite skills or training that an expert would have to testify concerning [Ramada Inn's] safety measures. The existing measures at the time may have been adequate or not.

(Trial Court Opinion, 8/12/02, at 2.)[1] We disagree.

¶ 9 While our research has disclosed no decisions from the courts of the Commonwealth discussing whether expert opinion *must* be offered under circumstances such as those presented in this case, we conclude that a jury would be capable, absent expert direction, to decide whether Ramada Inn took reasonable measures to provide for the safety of its guests, and specifically Ovitsky. Staying in hotels is quite common and we think such familiar experiences, along with common sense notions of safety and security, are sufficient to allow a jury to conclude whether Ramada Inn's security measures were reasonable. In so concluding, we are not suggesting that expert testimony may never be appropriate in hotel security cases, depending on the precise issues presented, only that it is not essential in this case.

¶ 10 Moreover, we find support for this conclusion from decisions in other jurisdictions which conclude that security expertise is not required or appropriate in such situations. *See, e.g., Bethea v. Bristol Lodge Corp.*, 2002 WL 31859434, *8 (E.D.Pa. Dec.18, 2002) (concluding, in case alleging that adult business' failure to pro-

---

1. The trial court also opined that Ovitsky "must prove that [Ramada Inn] had a duty to take precautions" and that "only an expert with sufficient knowledge can render an opinion as to what [Ramada Inn's] duty was under the circumstances." (Trial Court Opinion, 8/12/02, at 2.) To the degree that the trial court contemplated that Ovitsky needed to prove at trial through the presentation of evidence that Ramada Inn owed him a duty, rather than rely on the trial court to define that duty to the jury, we find this to be error.

vide adequate lighting and security led to deadly attack, that "lay persons may determine any negligence based upon their own common sense and experience"); *Ortiz v. New York City Hous. Auth.*, 22 F.Supp.2d 15, 24 (E.D.N.Y.1998) (concluding that the consequences of the failure to maintain reasonable security in public housing complex, resulting in attack on resident, were within the understanding of the average juror and did not require expert testimony), *aff'd* 198 F.3d 234 (2d Cir.1999); *Fante v. Trump Taj Mahal Assoc., P'ship, Inc.*, 1996 WL 263652, *5 (N.J.Super.App.Div.1996) (claims by woman trampled in casino allegedly due to poor crowd control and security were "easily understood, and an understanding of dangers specific to a crowded casino cannot be deemed an uncommon experience, especially for Atlantic County jurors"); *Van Blargan v. Williams Hospitality Corp.*, 754 F.Supp. 246, 249 (D.Puerto Rico 1991) (in case involving hotel guests attacked while on hotel patio, concluding that "hotel security is not a subject which lends itself to expert testimony" because "it deals with common occurrences that the jurors have knowledge of through their experiences in everyday life").

¶ 11 Accordingly, we find that the trial court erred in ruling that Ovitsky could not, absent expert testimony, prove his negligence case against Ramada Inn, and therefore conclude that the trial court erred in granting summary judgment on this basis in favor of Ramada Inn. As a result, we reverse the order entering summary judgment and remand for proceedings consistent with this opinion.

¶ 12 Order entering summary judgment **REVERSED.** Case **REMANDED.** Jurisdiction **RELINQUISHED.**