2015 PA Super 217

| | |
|---|---|
| TRACY TRUAX | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TANYA P. ROULHAC, WILDWOOD 115, INC., AND SILVIO VITIELLO | |
| Appellee | No. 1797 EDA 2013 |

Appeal from the Order Entered June 12, 2013
In the Court of Common Pleas of Monroe County
Civil Division at No(s): 9958 Civil 2010

BEFORE: BOWES, J., DONOHUE, J., SHOGAN, J., LAZARUS, J., MUNDY, J., OLSON, J., WECHT, J., STABILE, J., and JENKINS, J.

OPINION BY MUNDY, J.:                    **FILED OCTOBER 07, 2015**

Appellant, Tracy Truax, appeals from the order entered June 12, 2013, granting summary judgment in favor of Wildwood 115, Inc. (Wildwood) and Silvio Vitiello (collectively, Appellees). After careful review, we reverse and remand for proceedings consistent with this opinion.

The relevant facts and procedural history of this case are as follows. This negligence case arises out of an accident in which a minivan driven by Tanya Roulhac hit Truax on the sidewalk outside of Madd Anthony's Bar (Madd Anthony's). Madd Anthony's was one of the businesses located in a 150-foot wide building that is parallel to, and set back from, Route 115 in Effort, Monroe County, Pennsylvania. Vitiello was the sole owner of the commercial parcel that contained both the building housing Madd Anthony's

and a common parking lot, shared by all tenants. Complaint, 10/14/10, at ¶ 7. Wildwood was the corporate operator of two of the building's tenants, Madd Anthony's, and the neighboring La Roma Pizza. *Id.* at ¶ 5. Wildwood's tenancy included nonexclusive use in common of the parking lot, located in front of the building. Wildwood's Motion for Summary Judgment, 6/28/12, at ¶ 5. A concrete sidewalk for pedestrians runs the full length of the front of the building. Vitiello's Motion for Summary Judgment, 6/19/12, at Exhibit 1. There are two extensions, or "bump outs," on the front of the building, which protrude out onto the sidewalk and almost completely block the walking area such that a pedestrian maneuvering around them is redirected toward the parking lot. Truax's Answer to Wildwood's Motion for Summary Judgment, 8/30/12, at Exhibit E, Summary of Traffic and Site Engineering Findings, 8/30/12, at 5.

On March 4, 2009 at approximately 10:30 p.m., Truax and her fiancé, Craig Foulkes, arrived at Madd Anthony's. Complaint, 10/14/10, at ¶ 8. As the two walked along the sidewalk toward Madd Anthony's, Roulhac drove her minivan into one of the head-on parking spaces directly in front of, and perpendicular to, the sidewalk. *Id.* at ¶ 10. When Roulhac failed to stop, the minivan jumped the five-inch tall concrete wheel stop and struck Truax, pinning her to the building. *Id.* At that location, the parking lot was level with the sidewalk; there was no curb. Truax's Answer to Wildwood's Motion for Summary Judgment, 8/30/12, at Exhibit E, Summary of Traffic and Site

Engineering Findings, 8/30/12, at 3. The only barrier between the parking lot and sidewalk was the horizontal, five-inch tall concrete wheel stop. *Id.*

After the accident, a helicopter transported Truax to Lehigh Valley Hospital Center, where she was treated for multiple injuries to her left leg. Complaint, 10/14/10, at ¶ 13. Even after the completion of treatment, Truax walks with a limp and has several permanent scars. *Id.*

Roulhac fled the scene of the accident. *Id.* at 11. Police later apprehended her and charged her with driving under the influence after a blood test revealed a BAC of 0.10 and positive results for cocaine and THC. Wildwood's Motion for Summary Judgment, 6/28/12, at ¶ 3. Roulhac, however, was released on bail and fled, and Truax has been unable to locate her to serve her with the complaint in this case. *Id.* at ¶ 6.

On October 14, 2010, Truax filed a complaint, asserting a claim for negligence against Roulhac, claims for premises liability and a dram shop act violation against Wildwood, and a claim for premises liability against Vitiello. Complaint, 10/14/10, at ¶¶ 1-34. On November 16, 2011, Truax filed a stipulation voluntarily dismissing the dram shop claim against Wildwood. In June 2012, after the completion of discovery, Vitiello and Wildwood filed separate motions for summary judgment. Appellees both contended that the harm was not foreseeable because Vitiello was unaware of any similar incidents of motor vehicles jumping the wheel stops. Vitiello's Motion for Summary Judgment, 6/19/12, at ¶ 11; Wildwood's Motion for Summary

Judgment, 6/28/12, at ¶ 11. Moreover, they argued they were under no duty to install any other types of barriers to separate the parking lot from the sidewalk. Vitiello's Motion for Summary Judgment, 6/19/12, at ¶¶ 16-28; Wildwood's Motion for Summary Judgment, 6/28/12, at ¶ 15. Specifically, Vitiello maintained that his duty as a possessor of land is coextensive with the building and zoning codes, and he discharged that duty because the wheel stops complied with the applicable zoning ordinance governing commercial off-street parking. Vitiello's Motion for Summary Judgment, 6/19/12, at ¶¶ 16-28.

On October 3, 2012, the trial court issued an order granting summary judgment in favor of Appellees and entering judgment accordingly. Trial Court Order, 10/3/12. In its opinion, the trial court reasoned, "a possessor of land is not the insurer of the safety of his patrons and must only take reasonable measures to control the conduct of third persons." Trial Court Opinion, 10/3/12, at 7 (citation omitted). The trial court further opined as follows.

> No Pennsylvania court has held that a business owner was negligent for failing to install vertical bollards[1] in addition to horizontal wheel stops and we are not inclined to do so here. [Appellees] have complied with all applicable building codes and zoning ordinances, and to impose a duty upon property owners above and beyond these standards

---

[1] Bollards are short vertical posts made of concrete or steel that can be arranged to obstruct the passage of vehicles.

- 4 -

would defeat the purpose of having such standards in the first place. It would not be wise to allow juries to determine building standards on an ad-hoc basis as this would result in confusion and inconsistency across the Commonwealth. Further, there is no evidence that a similar curb-jumping incident had ever occurred on [Vitiello's] property. We find that the possibility that a vehicle driven by an intoxicated individual might drive over a concrete wheel stop and strike a pedestrian so remote and unforeseeable that it would be oppressive to hold that [Appellees] should have taken measures to prevent such an occurrence.

*Id.* at 8. Truax filed a motion for reconsideration of this decision, which the trial court denied on October 5, 2012. On October 16, 2012, Truax filed a timely notice of appeal to this Court. On June 6, 2013, a panel of this Court quashed the appeal because the action against Roulhac was still pending. *See Truax v. Roulhac*, 82 A.3d 456 (Pa. Super. 2013) (unpublished judgment order at 1).

Thereafter, on June 10, 2013, Truax filed with the trial court a petition for the entry of a final order as to fewer than all parties pursuant to Pennsylvania Rule of Appellate Procedure 341(c). Consequently, on June 12, 2013, the trial court entered a final order pursuant to Rule 341(c), determining that an immediate appeal would facilitate resolution of the entire case and that its October 3, 2012 order granting summary judgment was a final order. On June 19, 2013, Appellant filed a timely notice of

appeal to this Court.[2] A panel of this Court issued a memorandum affirming the grant of summary judgment. *See Truax v. Roulhac*, 1797 EDA 2013 (Pa. Super., filed 9/24/2014) (unpublished memorandum, withdrawn). The Honorable Mary Jane Bowes filed a dissenting memorandum. *See id.* (Bowes, J., dissenting) (unpublished dissenting memorandum, withdrawn). Truax filed a petition for reargument *en banc*, which this Court granted on December 4, 2014. Superior Court Order, 12/4/14 (*per curiam*). After the filing of supplemental briefs, this matter is ready for disposition.

On appeal, Truax presents two issues for our review, which we have reordered for our discussion, as follows.

> [1.] Did Vitiello and Wildwood owe a duty to take reasonable measures to protect business invitees from the foreseeable risk of curb-jumping vehicles?
>
> [2.] Did the trial court err in holding as a matter of law that Vitiello and Wildwood had taken reasonable precautions to protect business invitees from vehicle intrusion onto a bar's sidewalk?

Truax's Amended Brief at 3. Because these issues arise in the context of the trial court's order granting summary judgment in favor of Appellees and dismissing Truax's claims, the following standard and scope of review applies to our consideration of this case.

---

[2] Truax and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

As has been oft declared by [our Supreme] Court, "summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Atcovitz v. Gulph Mills Tennis Club, Inc.*, 812 A.2d 1218, 1221 (Pa. 2002); Pa. R.C.P. No. 1035.2(1). When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. *Toy v. Metropolitan Life Ins. Co.*, 928 A.2d 186, 195 (Pa. 2007). In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment "where the right to such judgment is clear and free from all doubt." *Id.* On appellate review, then,

> an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals.

*Weaver v. Lancaster Newspapers, Inc.*, 926 A.2d 899, 902-03 (Pa. 2007) (internal citations omitted). To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record. *Id.* at 903.

*Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010) (parallel citations omitted).

"Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive

summary judgment." **Babb v. Ctr. Cmty. Hosp.**, 47 A.3d 1214, 1223 (Pa. Super. 2012) (citations omitted)*, appeal denied*, 65 A.3d 412 (Pa. 2013). Further, "failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." **Id.**

> Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima facie cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

**Id.**, *quoting* **Reeser v. NGK N. Am., Inc.,** 14 A.3d 896, 898 (Pa. Super. 2011) (citations omitted).

In order to hold a defendant liable for negligence, the plaintiff must prove the following four elements: (1) a legally recognized duty that the defendant conform to a standard of care; (2) the defendant breached that duty; (3) causation between the conduct and the resulting injury; and (4) actual damage to the plaintiff. **Ramalingam v. Keller Williams Realty Group**, --- A.3d ---, 2015 WL 4927797, at *5 (Pa. Super. 2015). The trial court explained that it granted summary judgment because it concluded as a matter of law that there was no duty because the harm was unforeseeable. Trial Court Opinion, 10/3/12, at 8. Further, the trial court declared that

even if there was a duty, Appellees fulfilled it by complying with all applicable building codes and zoning ordinances. ***Id.***

In her first issue on appeal, Truax asserts that Appellees owed a duty to protect her from the foreseeable risk of curb-jumping vehicles. Truax's Amended Brief at 19-20. The level of any duty owed to one present on another's land depends on that person's status. ***Cresswell v. End***, 831 A.2d 673, 675 (Pa. Super. 2003) (citation omitted). All the parties agree that Appellees owed Truax a duty because she had the status of a business invitee of Madd Anthony's. Truax's Amended Brief at 13; Vitiello's Supplemental Brief at 15; Wildwood's Brief at 7. Likewise, the trial court found that Appellees owed Truax a duty as a business invitee. Trial Court Opinion, 10/3/12, at 5.

"The duty owed to a business invitee is the highest duty owed to any entrant upon land. The landowner is under an affirmative duty to protect a business visitor not only against known dangers but also against those which might be discovered with reasonable care." ***Charlie v. Erie Ins. Exch.***, 100 A.3d 244, 253 (Pa. Super. 2014), *quoting* ***Emge v. Hagosky***, 712 A.2d 315, 317 (Pa. Super. 1998). Specifically, the duty to protect business invitees against intentional or negligent acts of third parties is expressed in Section 344 of the Restatement (Second) of Torts as follows.

**§ 344. Business Premises Open to Public: Acts
of Third Persons or Animals**

**A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to**

>**(a) discover that such acts are being done or are likely to be done, or**

>**(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.**

Restatement (Second) of Torts § 344; *see also Moran v. Valley Forge Drive-In Theater, Inc.*, 246 A.2d 875, 878 (Pa. 1968) (adopting Section 344).

Comment f to Section 344 explains the duty to protect business invitees against third party conduct arises only if the owner has reason to anticipate such conduct.

>*f. Duty to police premises.* Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty

> to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.

Restatement (Second) of Torts § 344 cmt. f.

Consequently, Appellees owed Truax "a duty owed to any business invitee, namely, that [they] would take reasonable precaution against harmful third party conduct that might be reasonably anticipated." ***Paliometros v. Loyola***, 932 A.2d 128, 133 (Pa. Super. 2007) (citations omitted).

> The reason is clear; places to which the general public are invited might indeed anticipate, either from common experience or known fact, that places of general public resort are also places where what men can do, they might. One who invites all may reasonably expect that all might not behave, and bears responsibility for injury that follows the absence of reasonable precaution against that common expectation.

***Feld v. Merriam***, 485 A.2d 742, 745 (Pa. 1984).

Accordingly, as a matter of law, Appellees had a duty to exercise reasonable care to protect its business invitees, including Truax, from all harmful third party conduct that Appellees reasonably anticipated due to either the place or character of the business, or Appellees' past experience. ***See*** Restatement (Second) of Torts § 344; ***Paliometros***, ***supra***. Specifically, in this case, if it was reasonably foreseeable that a vehicle operated by a third party would encroach on the sidewalk, then Appellees

had a duty to exercise reasonable care to protect its business invitees from that harm.

The record before the trial court revealed Truax introduced sufficient evidence from which the jury could conclude that the harm was foreseeable. Specifically, Truax presented the expert report of James D'Angelo, a Professional Engineer and the principal and founding partner of Transportation Engineering and Construction, Inc. Truax's Answer to Wildwood's Motion for Summary Judgment, 8/30/12, at Ex. E, Summary of Traffic & Site Engineering Findings, at 1. D'Angelo examined the parking lot outside of Madd Anthony's to determine how the conditions there contributed to the accident and Truax's injuries. *Id.* During the course of his investigation, D'Angelo observed signs that the two "bump outs" of the building, which encroach out onto the sidewalk, have been hit by vehicles "because either the curb stop is not set back far enough to prevent the overhang of a vehicle from hitting the building or the parking maneuver was performed at a higher and potentially uncontrollable speed." *Id.* at 5. He also noted that four painted, concrete post bollards had been installed to protect a well casing on the southeastern corner of the property. *Id.* at 6. Based on his inspection, D'Angelo concluded "that the owner was aware of

measures which would have increased pedestrian safety while on the sidewalk." *Id.* at 8.[3]

_____

[3] Appellees now contend that D'Angelo's report could not support a *prima facie* case of negligence as a matter of law because he did not express his opinion to "a reasonable degree of engineering standards" nor did he identify the relevant standards.  Vitiello's Supplemental Brief at 7-15; Wildwood's Supplemental Brief at 3-6.  First, we note that "[i]n negligence actions, [e]xpert testimony is not required where the matter under investigation is so simple, and the lack of skill or want of care so obvious, as to be within the range of the ordinary experience and comprehension of even nonprofessional persons." *Ovitsky v. Capital City Econ. Dev. Corp.*, 846 A.2d 124, 126 (Pa. Super. 2004) (citations and internal quotation marks omitted).  Here, a jury would be capable, even without expert testimony, to decide whether Appellees took reasonable care to protect its business invitees by using common sense notions of safety in evaluating its parking lot security measures.  *See id.* (concluding, in case of injury to a business invitee due to the criminal conduct of a third party, that lay jurors could determine whether the hotel's security measures were reasonable).  Thus, Truax could establish a *prima facie* case that Appellees did not meet the duty of care even without accepting D'Angelo's opinions.

Moreover, "expert witnesses are not required to use 'magic words' when expressing their opinions; rather, the substance of their testimony must be examined to determine whether the expert has met the requisite standard." *Stimmler v. Chestnut Hill Hosp.*, 981 A.2d 145, 155 (Pa. 2009) (emphasis removed; citation omitted).  Here, D'Angelo concluded, "Based on my review, it is my professional opinion that the site … is deficient from a[] … pedestrian protection standpoint."  Truax's Answer to Wildwood's Motion for Summary Judgment, 8/30/12, at Ex. E, Summary of Traffic & Site Engineering Findings, at 8.  He also noted that the site could be "brought up to standards" by installing a vertical curb of at least five inches and bollards to protect pedestrians.  *Id.*  Viewed in its entirety, D'Angelo's report met the standard of being expressed to a reasonable degree of engineering certainty.

Finally, the report contained facts and observations, separate from D'Angelo's opinions, which demonstrate a factual issue exists of whether Appellees met the standard of care.  Therefore, Appellees could not meet their burden to show that no genuine issue of material fact exists.  *See Summers*, *supra*.

Similarly, Truax provided the affidavit of William Breuer, the owner of a strip mall adjacent to the plaza containing Madd Anthony's. *Id.* at Ex. D, Affidavit of William Breuer, at 1. He stated that 40 years ago, he installed bollards between the head-on parking area and the sidewalk in front of his strip mall "because [he] understood there was a safety issue with head-on parking directly facing a pedestrian walkway." *Id.* He observed the four bollards protecting the well casing protruding from the ground at Madd Anthony's. *Id.* He also recalled that years ago, there were large rocks in place to separate the Madd Anthony's parking lot from the sidewalk, but "they were removed after a vehicle pushed one of them into the building." *Id.*

This evidence, viewed in a light most favorable to Truax, would enable a reasonable jury to conclude that Appellees had actual or constructive knowledge of a foreseeable risk of harm to business invitees walking on the sidewalk, and the trial court should not have decided the issue as a matter of law. *See Young v. Prizm Asset Mgmt. Co.*, 100 A.3d 594, 602 (Pa. Super. 2014) (concluding that summary judgment was not appropriate when a business invitee's evidence created a question for the jury of whether defendant had actual or constructive notice of criminal acts of third persons); *Rabutino v. Freedom State Realty Co., Inc.*, 809 A.2d 933, 939-941 (Pa. Super. 2002) (reversing trial court's order granting summary judgment when business invitee presented evidence that would enable a

reasonable jury to find the defendant had "actual knowledge of a foreseeable risk of harm that went effectively unchecked[]").  Truax presented evidence that Appellees were aware or should have been aware of the risk of vehicles intruding onto the sidewalk, including the report of D'Angelo and the affidavit of Breuer.  Accordingly, the fact-finder could conclude that Appellees had a duty to exercise reasonable care to protect Truax, as its business invitee, from that reasonably foreseeable harm.  **See Paliometros**, **supra**.

We do not agree with the trial court that the risk of a vehicle encroaching on a sidewalk is *per se* unforeseeable as a matter of law.[4]  Such a rule is contrary to the principle of Pennsylvania law that the question of foreseeability should be submitted to the jury unless the plaintiff does not present evidence on that issue.  **See, e.g.**, **Alumni Ass'n, Delta Zeta Zeta of Lambda Chi Alpha Fraternity v. Sullivan**, 535 A.2d 1095, 1098 (Pa. Super. 1987) (noting that while the scope of a duty may be limited to reasonably foreseeable risks, "[o]nly when the question of foreseeability is undeniably clear may a court rule as a matter of law that a particular

_____

[4] **Compare State Farm Fire & Cas. Co. v. Bell**, 30 F. Supp. 3d 1085, (D. Kan. 2014) (noting that the majority of jurisdictions analyzing the duty to protect business invitees "have concluded there is no liability because [vehicle incursion] accidents are insufficiently likely as a matter of law" before rejecting that approach and holding that the foreseeability of a third party's acts is a question of fact for the jury), *quoting* **Jefferson v. Qwik Korner Mkt., Inc.**, 34 Cal. Rptr. 2d 171, (Cal. Ct. App. 1994), **with Alumni Ass'n**, **supra**.

defendant did not have a duty to a particular plaintiff[]"), *affirmed*, 572 A.2d 1209 (Pa. 1990), *citing* **Migyanko v. Thistlewaite**, 419 A.2d 12, 14 (Pa. Super. 1980) and **Palsgraf v. Long Island R.R. Co.**, 162 N.E. 99, 100 (N.Y. 1928). Summary judgment is inappropriate in premises liability cases involving business invitees where the evidence establishes a *prima facie* case that the third party's accidental, negligent, or intentional conduct was reasonably foreseeable to the occupant of the premises. In this case, Truax presented evidence that would allow a jury to conclude that the risk of a vehicle encroaching on the sidewalk in front of Madd Anthony's was reasonably foreseeable. Therefore, we conclude the trial court erred as a matter of law by holding that curb-jumping is *per se* unforeseeable. **See id.** Accordingly, we reverse the trial court's grant of summary judgment based on the issue of the foreseeability of the harm, because we conclude this issue should have been submitted to the jury.

In Truax's second issue, she contends that the trial court erred by concluding that Appellees discharged their duty as a matter of law by complying with all applicable building codes and zoning ordinances. Under Pennsylvania law, the issue of whether a defendant has breached its duty is normally submitted to the jury.

> While the existence of a duty is a question of law, whether there has been a neglect of such duty is generally for the jury. However, the issue of whether an act or a failure to act constitutes negligence may be removed from consideration by a jury and decided as a matter of law when the case is

> free from doubt and there is no possibility that a reasonable jury could find negligence.

*Emerich v. Phila. Ctr. for Human Dev., Inc.*, 720 A.2d 1032, 1044 (Pa. 1998) (citations omitted).

As discussed above, Appellees had a duty to exercise reasonable care to protect its business invitees, including Truax, from all harmful third party conduct that Appellees reasonably anticipated. Here, the trial court concluded that Appellees met their duty to Truax by complying with all applicable building codes and zoning ordinances. Trial Court Opinion, 10/3/12, at 8 (reasoning "[Appellees] have complied with all applicable building codes and zoning ordinances, and to impose a duty upon property owners above and beyond these standards would defeat the purpose of having such standards in the first place[]"). This is an incorrect statement of law. "Compliance with a law or administrative regulation relieves the actor of negligence *per se*, but it does not establish as a matter of law that due care was exercised." *Berkebile v. Brantly Helicopter Corp.*, 281 A.2d 707, 710 (Pa. Super. 1971) (*en banc*); *accord Mohler v. Jeke*, 595 A.2d 1247, 1251 (Pa. Super. 1991). While a defendant can introduce its compliance with law or regulation as evidence of the exercise of due care, "[c]ompliance with a legislative enactment or an administrative regulation does not prevent a finding of negligence where a reasonable [person] would take additional precautions." Restatement (Second) of Torts § 288C; *see also Berkebile*, *surpa* (adopting Section 288C). Accordingly, in this case,

Appellees' maintenance of concrete wheel stops in accord with building codes and zoning ordinances may be evidence of its exercise of due care, but it is not conclusive that Appellees exercised due care as a matter of law.

Moreover, Truax presented evidence sufficient to enable the jury to conclude that a reasonable person would have taken additional precautions. Specifically, Truax presented evidence that vehicle incursions onto the sidewalk were foreseeable because the bump outs on the building appeared to have sustained damage from vehicles striking them in the past. Truax's Answer to Wildwood's Motion for Summary Judgment, 8/30/12, at Ex. E, Summary of Traffic & Site Engineering Findings, at 5. The accident itself, in which Roulhac drove her van over a wheel stop onto the sidewalk, shows that the wheel stops were not sufficient to impede a vehicle's progress. Moreover, the other vertical bollards on Vitiello's property established that additional precautions were in place to protect a well casing, which it could have employed to protect pedestrians from the foreseeable risk of vehicles encroaching onto the sidewalk. *Id.* at 6; *Id.* at Ex. D, Affidavit of William Breuer, at 1. By presenting such evidence, Truax created a question for the jury of whether a reasonable person would take additional precautions beyond complying with building codes and zoning ordinances. *See Berkebile*, *supra*; Restatement (Second) Torts § 288C. Therefore, we conclude that the trial court erred in deciding that Appellees fulfilled their duty to Truax as a matter of law. *See Berkebile*, *supra*.

For these reasons, we conclude that the trial court erred in granting summary judgment. Consequently, we reverse the June 12, 2013 order granting summary judgment and remand for further proceedings consistent with this opinion.

Order reversed. Case remanded. Jurisdiction relinquished.

Judges Bowes, Donohue, Shogan, Lazarus, Olson, Wecht, and Stabile join the Opinion.

Judge Jenkins files a Dissenting Opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2015