J-A14003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KIM OLIVER P/N/G OF KATAYA HENDERSON, A MINOR, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BOULEVARD VENTURES, LLC, D/B/A ROLLING THUNDER, | |
| Appellee | No. 2796 EDA 2016 |

Appeal from the Order Entered July 15, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 150400824

BEFORE:  BENDER, P.J.E., BOWES, J., and SHOGAN, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED August 8, 2017**

Appellant, Kim Oliver, as parent and natural guardian of Kataya Henderson, a minor, appeals from the trial court's order entered July 15, 2016, granting Appellee's, Boulevard Ventures, LLC, d/b/a Rolling Thunder, motion for summary judgment.  We affirm.

The trial court summarized the procedural and factual background of this case as follows:

> **A. PROCEDURAL BACKGROUND**
>
> On June 23, 2015, [Appellant] Kim Oliver and minor … Kataya Henderson filed their Third Amended Complaint setting forth a premises liability claim against [Rolling Thunder].  Discovery was completed in April 2016, and [Rolling Thunder] timely filed a Motion for Summary Judgment on April 20, 2016.  [Ms. Oliver] filed a response to [Rolling Thunder's] [m]otion on May 20, 2016, and this [c]ourt issued an order granting [Rolling Thunder's] [m]otion and dismissing all of [Ms. Oliver's] claims on July

12, 2015.[1]  [Ms. Oliver] filed a Motion for Reconsideration on July 29, 2016, raising new arguments under the Restatement (Second) of Torts Sections 323 and 324.  This [c]ourt issued an Order denying [Ms. Oliver's] [m]otion on August 11, 2016.  [Ms. Oliver] timely filed this appeal, and submitted a Statement of Matters pursuant to Pa.R.A.P. 1925(b) on September 2, 2016.

## B. FACTUAL BACKGROUND

On December 20, 2013, [Ms.] Oliver took her daughter, [Ms.] Henderson, to Rolling Thunder Skating Center.  [Ms. Henderson] was 7 years old at the time, and had never been to [Rolling Thunder's] skating rink before.  According to deposition testimony, [Ms. Henderson] was an inexperienced skater who had only used roller skates on a few occasions around her home.

Upon arriving at the skating rink, Ms. Oliver rented [Ms. Henderson] a pair of traditional "quad skates," or roller skates with four wheels.  Because [Ms. Henderson] was not an experienced skater, Ms. Oliver also rented a rolling walker for her daughter.  Rolling walkers are shaped like a triangle with the bottom side missing, and have a wheel at the front and a wheel on each side.  The skater places the walker in front of herself and holds onto the bars at the top of the rolling walker in order to create more stability while skating.  When Ms. Oliver rented the rolling walker, there were no signs instructing patrons on the use of the walkers, and no instructions or tutorials were offered by the skating center staff.

Shortly after arriving at the skating center, [Ms. Henderson] attempted to exit the rink and enter a carpeted seating area.  The rolling walker became stuck between the wood floor of the skating rink and the carpet of the seating area, causing [Ms. Henderson] to trip.  As she fell to the ground, her leg became entangled in the roller, and [Ms. Henderson] suffered a distal tibia fracture.  According to deposition testimony, Ms. Oliver did not

---

[1] The trial court's order granting summary judgment in favor of Rolling Thunder was dated July 12, 2016, but it was not entered on the docket until July 15, 2016.

notice anything defective about the rolling walker when she went to her daughter's side after the fall.

Trial Court Opinion (TCO), 12/14/2016, at 1-2 (internal citations omitted).

As mentioned *supra*, after the trial court granted Rolling Thunder's motion for summary judgment and denied Ms. Oliver's subsequent motion for reconsideration, she filed a timely notice of appeal on August 11, 2016. She also timely complied with the trial court's instruction to file a concise statement of errors complained of on appeal. Herein, she raises a single issue for our review:

> I. Whether the trial court abused its discretion and otherwise committed an error of law when it improperly granted [Rolling Thunder's] Motion for Summary Judgment when a genuine issue of material fact exists as to [Rolling Thunder's] duty to warn?

Ms. Oliver's Brief at 6.

> Initially, we set forth our standard of review:
>
> Our standard of review of an appeal from an order granting summary judgment is well settled: "Summary judgment may be granted only in the clearest of cases where the record shows that there are no genuine issues of material fact and also demonstrates that the moving party is entitled to judgment as a matter of law." Whether there is a genuine issue of material fact is a question of law, and therefore our standard of review is *de novo* and our scope of review is plenary. When reviewing a grant of summary judgment, we must examine the record in a light most favorable to the non-moving party.

***Newell v. Montana West, Inc.***, 154 A.3d 819, 821-22 (Pa. Super. 2017) (internal citations omitted).

Referencing Section 343 of the Restatement (Second) of Torts, Ms. Oliver first contends that "Ms. Henderson was a business invitee on [Rolling

Thunder's] property as she was there to skate…." Ms. Oliver's Brief at 10.[2]

She argues that "[i]nexperienced skaters, particularly those at the age of seven, cannot be expected to know to protect themselves against the dangers of walkers that they were never instructed to use[,]" and, consequently, "it's reasonable to expect [Ms. Henderson] would not discover the danger herself." *Id.* at 12. Thus, "[i]f [Rolling Thunder] knows or should know that the danger poses a risk[, it is] required to warn those [who] may be in danger." *Id.* Specifically, she asserts that personnel at Rolling Thunder "could have posted signs around the facilities. They could have handed out instruction sheets. They could have required patrons who used the walker to watch an instructional video. [They] could have given patrons lessons before allowing them onto the rink with the walkers." *Id.* Instead, Ms. Oliver claims that Rolling Thunder's corporate "designee testified repeatedly that [there] are no instructions, no warning[s], no signs, etc. regarding the safe use of the walkers." *Id.* We discern no merit in this argument.

Section 343 of the Restatement (Second) of Torts provides the following:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

_____

[2] We note that Ms. Oliver cites to the portion of **Summers v. Giant Food Stores, Inc.**, 743 A.2d 498, 506 (Pa. Super. 1999) (*en banc*), that sets forth Section 343. **See** Ms. Oliver's Brief at 10-11.

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343.[3]  "Whether a duty exists under a particular set of facts is a question of law.  The duty owed to a business invitee is the highest duty owed to any entrant upon land."  ***Campisi v. Acme Markets, Inc.***, 915 A.2d 117, 119 (Pa. Super. 2006) (citations and quotation marks omitted).  We note that "[a]n invitee must demonstrate that the proprietor deviated from its duty of reasonable care owed under the circumstances.  Thus, the particular duty owed to a business invitee must be determined on a case-by-case basis."  ***Id.*** at 119-20 (citations omitted).

In granting Rolling Thunder's motion for summary judgment, the trial court explained:

---

[3] Rolling Thunder points out that:

> [Ms. Oliver's] negligence action sounds in premises liability and [Ms. Oliver] specifically den[ies] that [she is] pursuing a product liability claim.  Nonetheless, [Ms. Oliver] do[es] not allege any defective condition of the property itself and instead argue[s] that [Ms. Henderson's] injuries were caused by "the hazardous conditions of the walker."  However, for the purposes of this appeal, [Rolling Thunder] will assume, *arguendo*, that the applicable duty standards are those relating to premises liability.

Rolling Thunder's Brief at 8 n.1 (internal citations omitted).

A plaintiff may put forward expert testimony to establish the duty that is owed. In negligence actions, "expert testimony is not required where the matter under investigation is so simple, and the lack of skill or want of care so obvious, as to be within the range of the ordinary experience and comprehension of even nonprofessional persons." ***Ovitsky v. Capital City Econ. Dev. Corp.***, … 846 A.2d 124, 126 ([Pa. Super.] 2004) (internal quotations omitted). However, expert testimony is necessary "where formation of an opinion on a subject requires knowledge, information, or skill beyond what is possessed by the ordinary juror." ***Id.*** Such testimony is generally mandated to establish negligent practice in a profession or industry, particularly when the practice relates to safety and warnings. ***See, e.g.¸Young v. Com., Dep't of Transp.***, … 744 A.2d 1276, 1279 ([Pa.] 2000) (requiring expert testimony to determine if warning was adequate); ***Tennis v. Fedorwicz***, … 592 A.2d 116, 117 ([Pa. Cmwlth.] 1991) (requiring expert testimony to aid jury in determining if highway was safe).

In the instant case, it is undisputed that [Ms.] Oliver and [Ms.] Henderson were business invitees at the time [Ms. Henderson] was injured. [Rolling Thunder] therefore generally owed [Ms. Oliver and Ms. Henderson] a duty to warn against known dangers, as well as those that might be discovered with reasonable care. However, [Ms. Oliver] still bear[s] the burden of presenting evidence that establishes the extent of the duty in light of the facts and proves that this duty was breached.

In response to [Rolling Thunder's] Motion for Summary Judgment, and included in their own Motion for Reconsideration, [Ms. Oliver] attach[es] three pieces of evidence. First, [Ms. Oliver] provide[s] deposition testimony from Ms. Oliver and [Ms. Henderson], which establish that [Ms. Henderson] was an inexperienced skater, that the rink staff provided the walker to Ms. Oliver upon her request and without any additional instructions, and that Ms. Oliver did not see anything wrong with the walker when she looked at it after [Ms. Henderson] fell. Second, [Ms. Oliver] reference[s] the deposition testimony of Mr. Slaven, [Rolling Thunder's] corporate designee, who confirmed that [Rolling Thunder's] staff did not provide instructions to patrons who rented rolling walkers. Finally, [Ms. Oliver] provide[s] a black and white photo of a rolling walker similar to the one used by [Ms. Henderson].

- 6 -

None of the aforementioned evidence establishes either the **particular** duty owed by [Rolling Thunder] under these specific circumstances, or the breach of that duty. For example, [Ms. Oliver] did not produce evidence that the rolling walker was, in itself, a dangerous instrumentality; that it is common practice in the roll[er] skating industry to provide instructions or warnings as to the use of rolling walkers; or that the use of rolling walkers is not within the "general risk" usually encountered by an individual at a skating rink. Moreover, these issues are beyond the ken of the average juror, as a lay person would be unlikely to know anything about the relative safeness of rolling walkers or standard practices within the skating industry. [Ms. Oliver] could have offered expert testimony as to these issues, but failed to do so. [She has] merely alleged that [Ms. Henderson] went to a skating rink, used an instrumentality often used by others under those circumstances, and then fell….

TCO at 5-6 (original brackets and some citations omitted; emphasis in original).

We observe no error of law or abuse of discretion in the trial court's analysis. Moreover, Ms. Oliver proffers no authority to convince us otherwise. Accordingly, we conclude that the trial court properly granted summary judgment to Rolling Thunder in light of Ms. Oliver's failure to demonstrate that Rolling Thunder breached a duty owed to Ms. Henderson.

Next, Ms. Oliver avers that Rolling Thunder breached a duty imposed under Section 323 of the Restatement (Second) of Torts. Ms. Oliver's Brief at 14. She purports that "in providing the walker to [Ms. Henderson] explicitly because she was an inexperienced skater, [Rolling Thunder] undertook to 'render services to another[,]' which [Rolling Thunder] should have recognized as 'necessary for protection of the other's person,' in accordance with the Restatement." **Id.** at 13. She insists that "[i]t is clearly

a jury question as to whether [Rolling Thunder's] failure to exercise due care in doing so (1) increased the risk of the harm which the assistance provided was designed to prevent, or (2) the harm which was suffered occurred due to Ms. Henderson['s] reliance on [Rolling Thunder's] properly providing such assistance." ***Id.***

At the outset, we agree with the trial court that this issue has been waived by Ms. Oliver. ***See*** TCO at 7 n.2. Our cursory review of the record confirms that Ms. Oliver raised her argument regarding Section 323 for the first time in her motion for reconsideration. ***See Rabatin v. Allied Glove Corp.***, 24 A.3d 388, 391 (Pa. Super. 2011) ("While the issue was included in the subsequently filed motion for reconsideration, issues raised in motions for reconsideration are beyond the jurisdiction of this Court and thus may not be considered by this Court on appeal.") (citations omitted). Additionally, Ms. Oliver does not direct us to anywhere in the record where she had previously raised this issue relating to Section 323. ***See Commonwealth v. Williams***, 980 A.2d 667, 671 (Pa. Super. 2009) ("Pursuant to the Rules of Appellate Procedure, [the a]ppellant must specify where in the record this issue was preserved. In his brief, [the a]ppellant does not indicate where the issue was preserved in the trial court…. Consequently, we are constrained to deem this issue waived.") (citations omitted). Thus, we determine that this issue is waived.

Notwithstanding, even if this issue were not waived, we would still determine that this argument is meritless. Section 323 of the Restatement (Second) of Torts sets forth:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if

(a) his failure to exercise such care increases the risk of such harm, or

(b) the harm is suffered because of the other's reliance upon the undertaking.

Restatement (Second) of Torts § 323.

In support of her argument, Ms. Oliver relies almost exclusively on an unpublished case, ***Xiaowu Li v. Beulah Presbyterian Church***, 726 WDA 2014, unpublished memorandum (Pa. Super. filed Mar. 10, 2015). However, with limited exceptions not applicable here, "[a]n unpublished memorandum decision shall not be relied upon or cited by a Court or a party in any other action or proceeding…." Pa. Super. IOP § 65.37. Consequently, we may not consider ***Xiaowu Li***. In any event though, we would agree with the trial court's analysis, in which it finds ***Xiaowu Li*** easily distinguishable from the matter at hand, in that Ms. Oliver provided her daughter with the rolling walker, Ms. Henderson had no interaction with Rolling Thunder's staff, and the staff's help had not been offered and then withdrawn. ***See*** TCO at 7 n.2. Furthermore, in contrast to the trial court in ***Xiaowu Li***, the trial court in the case *sub judice* explained that it did not "reach its holding by applying the

doctrine of assumption of the risk…." *Id.* As a result, Ms. Oliver would have failed to convince us that Section 323 is applicable here. Accordingly, we affirm the trial court's order granting summary judgment to Rolling Thunder.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2017