**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON S. MATTOX | : | |
| | : | |
| Appellant | : | No. 554 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 19, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008231-2017

BEFORE: SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: April 1, 2020

Appellant, Aaron S. Mattox, appeals from the aggregate judgment of sentence of six to fifteen years of confinement, which was imposed after his jury trial convictions for: three counts each of knowingly and intentionally making any materially false statement in connection with the purchase, delivery, or transfer of a firearm and conspiracy to commit said crimes; and one count of possession of firearm prohibited.[1] We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case. *See* Trial Court Opinion ("Tr. Ct.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6111(g)(4), 903, and 6105(a)(1), respectively. Appellant's trial for Section 6105(a) was severed from the other charges, as it required evidence of Appellant's prior criminal conviction, but it was heard by the same jury. Tr. Ct. Opinion, dated May 29, 2019, at 1 n.1.

Opinion"), dated May 29, 2019, at 1-6. Therefore, we have no reason to restate them at length here.

For the convenience of the reader, we briefly note that Agent Martin Dietz, a member of Pennsylvania's Gun Violence Task Force, with "nearly 12 years of experience" with the task force, was working undercover at the Oaks Gun Show on August 7, 2016, when he witnessed Appellant and Sheila White approach a gun dealer's table and examine Glock pistols, then saw White purchase two of them. Tr. Ct. Opinion, dated May 29, 2019, at 3, 5, 16 (citing N.T., 8/1/2018, at 67, 74-76, 79, 85-87, 100).[2] During the transaction, Agent Dietz took a photograph of Appellant holding a firearm. *Id.* at 16 (citing Exhibit C-2H; N.T., 8/1/2018, at 82). Those purchases turned out to be "straw purchases" for a third party, Wayne Clanton. *See, e.g.*, *id.* at 2-3, 5-6 (citing N.T., 8/1/2018, at 127-28, 173-74, 197-99, 206-07, 219-21; N.T., 8/2/2018, at 41-42, 70-75).

Agent Dietz testified at Appellant's trial but was not qualified as an expert. During Agent Dietz's testimony, the Commonwealth presented the

_____

[2] "At Docket No. CP-51-CR-0000959-2016, White entered an open guilty plea . . . in September of 2017[.]" Tr. Ct. Opinion, dated May 29, 2019, at 2 n.2. She pleaded to three counts each of knowingly and intentionally making any materially false statement in connection with the purchase, delivery, or transfer of a firearm, 18 Pa.C.S. § 6111(g)(4), conspiracy to commit said crimes, *id.* § 903, conspiracy to commit possession of firearm prohibited, *id.*, tampering with public records or information, *id.* § 4911, and unsworn falsification to authorities, *id.* § 4904. Commonwealth Exhibits-20 & 21; Tr. Ct. Opinion, dated May 29, 2019, at 2 n.2. "At the time of [Appellant]'s trial, White had not yet been sentenced." Tr. Ct. Opinion, dated May 29, 2019, at 2 n.2.

aforementioned photograph as an exhibit and asked Agent Dietz to describe it. *Id.* at 16 (citing Exhibit C-2H; N.T., 8/1/2018, at 82).

> In response, Agent Dietz testified that it was a picture of [Appellant] holding a firearm, to which [defense] counsel did not object. [N.T., 8/1/2018, at 82.] On cross-examination, defense counsel asked whether it is "possible that the item [Appellant] is holding is not a handgun" and, instead, an antique. [*Id.*] at 150. Agent Dietz said it was possible. *Id.* On redirect examination, the Commonwealth asked Agent Dietz whether he thought the item in [Appellant]'s hand in the picture was an antique or a working firearm. [*Id.*] at 160. Over defense counsel's objection, Agent Dietz testified that he observed [Appellant] holding the gun at the show "[b]ased on [his] experience and [his] observations at the gun show and simply on this photograph, this is a real gun. It's not a replica." [*Id.*] at 160-61. . . . Agent Dietz . . . testified that he believed the gun was real based on its location among numerous other firearms in the photo, which were sitting on a table, and were displayed by the gun dealer. [*Id.*] at . . . 161. Further, Agent Dietz testified that "the simulated firearms that [he has] seen at the gun shows, for the most part, have a red or international orange tip on the end, for the most part." [*Id.*] The gun that [Appellant] was holding in the picture did not have a red or international orange top on the end.

*Id.* at 16-17.

On August 3, 2018, a jury convicted Appellant of the aforementioned counts, and he was sentenced on October 19, 2018. Appellant filed a post-sentence motion, which was denied on February 5, 2019. Appellant filed this timely direct appeal on February 19, 2019.[3]

In his appellate brief, Appellant presents the following issues for our review:

_____

[3] Appellant filed his statement of errors complained of on appeal on March 18, 2019. The trial court entered its opinion on May 29, 2019.

I.      Was the evidence insufficient to sustain [Appellant]'s convictions since the Commonwealth's evidence was so fraught with inconsistencies between the testimony of Sheila White, Agent Martin Dietz and Agent Joseph Ruta [of the Bureau of Alcohol, Tobacco, Firearms and Explosives] and their prior statements and/or reports, that a verdict based upon it was inherently unreliable and could amount to no more than surmise or conjecture?

II.     Did the [trial] court err in finding that it possessed venue over the purchase and sale of firearms that occurred in Montgomery County?

III.    Did the [trial] court err in permitting Agent Martin Dietz to speculate as to whether a gun [Appellant] was depicted holding was a working firearm?

Appellant's Brief at 3 (trial court's answers omitted).  These challenges, including their exact language, are identical to those raised in Appellant's statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Preliminarily, we note --

When challenging the sufficiency of the evidence on appeal, the appellant's Pa.R.A.P. 1925 statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal.  Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

*Commonwealth v. Hoffman*, 198 A.3d 1112, 1125 (Pa. Super. 2018) (citation and internal brackets omitted).  In the current action, Appellant not only failed to specify which elements he was challenging in his statement of errors, he also failed to specify which convictions he was challenging.  While the trial court did address the topic of sufficiency in its opinion, "we have held that this is of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an

- 4 -

appellee's argument or a trial court's choice to address an unpreserved claim."

***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009) (citation and internal quotation marks omitted).  Accordingly, we deem Appellant's first issue waived.[4]

Additionally, Appellant never challenged venue before the trial court nor requested a change of venue before or during trial,[5] and his second claim consequently is also waived.  Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

---

[4] Assuming this claim were not waived, we would still observe that Appellant has conflated sufficiency of the evidence and weight of the evidence.  Weight of the evidence and sufficiency of the evidence are not the same concepts and are not interchangeable.  ***See Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000) (delineating the distinctions between a claim challenging the sufficiency of the evidence and a claim that challenges the weight of the evidence).  Appellant contends that "the Commonwealth's evidence was . . . fraught with inconsistencies" or "riddled with inconsistencies" and "was inherently unreliable" and that White "directly contradicted" Agent Dietz's testimony.  Appellant's Brief at 14-15 (citing N.T., 8/1/2018, at 90; N.T., 8/2/2018, at 15-16).  Allegations of conflicting or contradictory testimony and questions of credibility are challenges to the weight of the evidence, not to the sufficiency.  ***See Commonwealth v. Knox***, 219 A.3d 186, 198 (Pa. Super. 2019) (weight claim based on conflict in testimony); ***Commonwealth v. Roane***, 204 A.3d 998, 1001 (Pa. Super. 2019) ("weight of the evidence is exclusively for the finder of fact, who is free . . . to determine the credibility of the witnesses"; "[t]he fact-finder also has the responsibility of resolving contradictory testimony").

[5] Prior to trial, defense counsel asked the trial court, "[H]ow does this Court have jurisdiction over crimes that occurred in Montgomery County?"  N.T., 8/1/2018, at 14.  Jurisdiction and venue are distinct, and a challenge to one does not encompass a challenge to the other.  ***See Commonwealth v. Bethea***, 828 A.2d 1066, 1074-75 (Pa. 2003) ("jurisdiction references the power of a court to entertain and adjudicate a matter while venue pertains to the locality most convenient to the proper disposition of a matter").

Finally, Appellant contends that the trial court erred "in permitting Agent Martin Dietz to speculate as to whether a gun [Appellant] was depicted holding was a working firearm." Appellant's Brief at 17. He argues that "Agent Dietz was not offered by the Commonwealth as an expert witness in the field of firearms operability and identification nor did he submit an expert report[,]" and, ergo, the trial court should not have "permitted Dietz to opine that the gun . . . was a working operable firearm." *Id.* at 18 (citing N.T., 8/1/2018, at 160).

> The admissibility of evidence is a matter within the sound discretion of the trial court and will be reversed only where there is a clear abuse of discretion. . . . Evidence is admissible if it is relevant—that is, if it tends to establish a material fact, makes a fact at issue more or less probable, or supports a reasonable inference supporting a material fact—and its probative value outweighs the likelihood of unfair prejudice.

*Commonwealth v. Clemons*, 200 A.3d 441, 474 (Pa. 2019) (citations omitted).

Pennsylvania Rule of Evidence 701 controls opinion testimony by lay witnesses:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Pennsylvania Rule of Evidence 702 controls testimony by expert witnesses:

- 6 -

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge is beyond that possessed by the average layperson;

(b) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; and

(c) the expert's methodology is generally accepted in the relevant field.

This Court has further distinguished expert testimony and lay testimony as follows:

[E]xpert testimony "reflects the application of expertise" and does not "stray[ ] into matters of common knowledge." **Nobles v. Staples, Inc.**, 150 A.3d 110, 114 (Pa. Super. 2016) (citation omitted). We have further explained that expert testimony "requires knowledge, information or skill beyond what is possessed by the ordinary juror," **Ovitsky v. Capital City Econ. Dev. Corp.**, 846 A.2d 124, 126 (Pa. Super. 2004) (quoting **Commonwealth v. Carter**, 403 Pa.Super. 615, 589 A.2d 1133, 1134 (1991)), and that expert testimony must be "distinctly related to a science, skill or occupation which is beyond the knowledge or experience of an average lay person" and does not "involve[ ] a matter of common knowledge." **Commonwealth v. Minerd**, 562 Pa. 46, 753 A.2d 225, 230 (2000).

**Commonwealth v. Manivannan**, 186 A.3d 472, 485 (Pa. Super. 2018), *reargument denied* (July 7, 2018); **see also Commonwealth v. Griffith**, 32 A.3d 1231, 1239 (Pa. 2011) ("Pursuant to our general standard, a need for expert testimony arises when the jury is confronted with factual issues whose resolution requires knowledge **beyond the ken of the ordinary layman**." (emphasis added) (citation and internal quotation marks omitted)).

In the current action, Agent Dietz gave two reasons why he thought that the object held by Appellant in Exhibit C-2H was a firearm. First, "he believed the gun was real based on its location among numerous other firearms in the photo, which were sitting on a table, and were displayed by the gun dealer." Tr. Ct. Opinion, dated May 29, 2019, at 16 (citing N.T., 8/1/2018, at 161). This statement was rationally based on Agent Dietz's perception and did not require scientific, technical, or other specialized knowledge beyond that possessed by the average layperson. Pa.R.E. 701-702. Hence, this assertion was appropriate for Agent Dietz to make as a lay witness, and he thereby did not have to be certified as an expert to make this declaration. ***Id.***

The second reason that Agent Dietz gave for concluding that the item held by Appellant in Exhibit C-2H was a real firearm and not a replica was that "the stimulated firearms that [he has] seen at the gun shows, for the most part, have a red or international orange tip at the end[.]" Tr. Ct. Opinion, dated May 29, 2019, at 16 (citing N.T., 8/1/2018, at 161). This reason in support of Agent Dietz's opinion required his specialized knowledge, experience, training, and education from his "nearly 12 years of experience in the Gun Violence Task Force," and is not common knowledge. Pa.R.E. 702; Tr. Ct. Opinion, dated May 29, 2019, at 16 (citing N.T., 8/1/2018, at 67); ***Manivannan***, 186 A.3d at 485. Thus, Agent Dietz should not have been permitted to give this explanation without having been qualified as an expert witness. Pa.R.E. 702; ***Manivannan***, 186 A.3d at 485.

However, this error was harmless. Harmless error in the admission of evidence can be found where "the error did not prejudice the defendant or the prejudice was *de minimis*[.]" **Commonwealth v. Jacoby**, 170 A.3d 1065, 1085 (Pa. 2017). Appellant could not have been prejudiced by Agent Dietz's second explanation, because the agent's opinion was not based solely upon the fact that the firearm held by Appellant in the photograph did not have a red or orange tip but, as explained above, also upon the location of that firearm near other real handguns displayed by a gun dealer. Tr. Ct. Opinion, dated May 29, 2019, at 16 (citing N.T., 8/1/2018, at 161). Furthermore, Exhibit C-2H was published to the jury, and the jurors thus could rely upon their own individual observations of the photograph, see that the firearm in question was located among many other firearms that were displayed by a gun dealer, and determine for themselves whether they believed that the item held by Appellant was a real firearm. Therefore, even if Agent Dietz had never given his opinion as to whether the item was a working firearm, a jury still likely would have concluded that it was a functioning handgun just by looking at the photograph. For these reasons, Appellant did not suffer any prejudice from Agent Dietz's testimony, and, to the extent that any of it was erroneously admitted, said error was harmless. **See Jacoby**, 170 A.3d at 1085.

Based on the foregoing, Appellant is not entitled to relief. We thereby affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/1/20