## Birosik v. Stevens

Karl F. Longenbach, for plaintiff.

Joseph T. Heber, for defendant John S. Stevens Jr., M.D.

GARDNER, J., November 9, 1988—This case is before the court on the motion for summary judgment filed by defendant Dr. John S. Stevens Jr., on August 19, 1988.

In this medical malpractice case plaintiff has sued Dr. Stevens for negligence (count I), breach of express and implied warranties (count II), and failure to obtain informed consent to a surgical procedure (count III). Prior to argument plaintiff withdrew count IV of her complaint against defendant doctor. Count IV sought punitive damages for allegedly outrageous conduct.

On March 4, 1988, our colleague, Honorable Robert K. Young, granted a motion for sanctions to defendant doctor. The effect of that order was to preclude plaintiff from offering any expert testimony at trial.

Plaintiff concedes that the motion for summary judgment should be granted concerning count II alleging breach of express and implied warranties. Plaintiff also concedes that the motion for summary judgment should be granted concerning portions of count I in negligence. Specifically, plaintiff concedes that without expert testimony she is unable to establish that any surgical procedures performed by the doctor in this case breached a standard of professional due care.

Plaintiff contends, however, that her informed consent action (count III) and the remaining portion of her negligence action in count I can go to the jury without an expert witness.

Based upon the pleadings, discovery, and agreements of counsel at oral argument, the facts necessary to dispose of these issues are as follows.

Plaintiff/patient had a tubal ligation performed by defendant/gynecologist at Allentown Osteopathic Hospital on October 12, 1983. Defendant Dr. Stevens utilized a device known as a Secu-Clip. That device was manufactured by defendant Gynecol Inc. Allentown Osteopathic Hospital, where the procedure was performed, is not a party to this lawsuit.

Plaintiff alleges that in May 1984, despite the procedure, she learned that she had become pregnant. Plaintiff contends that defendant doctor was negligent in that he breached a duty of care by failing to advise her that there was a potential problem with the use of the Secu-Clip in this tubal ligation operation.

What is somewhat unusual about the factual scenario of this case is that plaintiff concedes that Dr. Stevens initially advised her of all known risks necessary to be disclosed as of the time of her initial consent to this procedure in October 1983. Plaintiff contends, however, that thereafter, on or before January 1984, Dr. Stevens had additional information, not available to him in October 1983, which then triggered a duty to disclose additional information, although the surgical procedure had been performed three months earlier.

Plaintiff contends that in January 1984, Dr. Stevens was aware of a pregnancy which occurred to a patient who had a Secu-Clip inserted. Plaintiff alleges that in March and April 1984, Dr. Stevens learned of two additional pregnancies to Secu-Clip patients. In addition, the doctor knew by that time that the local distributor of the Secu-Clip had ceased distributing the product.

Plaintiff contends that in June or July 1984, Dr. Stevens began sending a letter to his patients indicating that he ceased using the Secu-Clip because of the recent incidents of pregnancy. The parties agree that after learning of the first pregnancy in January, Dr. Stevens discontinued using the Secu-Clip procedure in late January or early February 1984.

Plaintiff contends that Dr. Stevens was negligent in failing to disclose to her prior to her pregnancy in May 1984, the incidence of pregnancy to Secu-Clip patients, the fact of Dr. Stevens' discontinuance of the procedure, and the distributor's decision to discontinue distribution of the product.

Plaintiff contends that the doctor had a duty to disclose this information to his patient, and that her pregnancy was caused by his breach of this duty. In addition, plaintiff contends that defendant doctor violated a duty under the doctrine of informed consent by not disclosing these additional risks to his patient after he became aware of them in early 1984.

In his motion for summary judgment , defendant doctor contends that there is no such cause of action for violation of a "nunc pro tunc" duty to inform a patient after a surgical procedure, and that, even if there is, plaintiff could not establish such a cause of action under informed consent without an expert witness. We agree.

Plaintiff has cited no case, and we are aware of none, for the unique proposition that three months after being properly informed of all material risks legally necessary, and three months after undergoing a surgical procedure with an adequate and informed consent, that the physician subsequently violates any duties under the informed consent

doctrine by failing to disclose to that patient new information not previously known to medical science.

The theory of informed consent in Pennsylvania is based upon a battery theory. The physician is considered to have committed a battery upon the body of a patient if he performs a surgical procedure without her informed consent. If the doctor discloses all necessary information to the patient, which he did, and if she consents, which she did, the surgical procedure does not constitute a battery, and the patient has no cause of action in that regard. What was not a battery in October 1983, cannot become a battery "nunc pro tunc" three months later in 1984 because of newly discovered information.

In the absence of any statutory or case law, we are not inclined to create new law in this novel area. Such changes are the province of the legislature and appellate courts.

Even if we are incorrect in the foregoing analysis, and even if the informed consent doctrine requires a physician to notify a surgical patient of new information three months after the surgery, we nevertheless still grant defendant's motion for summary judgment because plaintiff cannot produce an expert witness.

The Superior Court of Pennsylvania in two recent cases has held that an informed consent action requires expert testimony to establish the existence, magnitude and other scientific characteristics of the risks of a recommended medical procedure and viable alternatives. *Jozsa v. Hottenstein,* 364 Pa. Super. 469, 528 A.2d 606 (1987), alloc. denied, 518 Pa. 619, 541 A.2d 746 (1988); *Festa v. Greenberg,* 354 Pa. Super. 346, 511 A.2d 1371 (1986), alloc. denied, 515 Pa. 580, 527 A.2d 541 (1987).

Although expert testimony is not required in informed consent cases to establish the materiality of such risks, such testimony is required to establish the existence of those risks and the existence of alternative procedure and the feasibility of those alternatives in the patient's case. *Jozsa, supra; Festa, supra.*

We reject plaintiff's contention that Dr. Stevens' letter to his other patients provides the necessary expert opinion. Plaintiff contends that that letter constitutes an "admission" that he stopped performing the procedure in January 1984, because it was too risky. Even if such an "admission" could be read into Dr. Stevens' letter, which we do not hold, it does not meet the requisite level of "reasonable medical certainty" required of an expert opinion. *Gradel v. Inouye,* 491 Pa. 534, 421 A.2d 674 (1980); *Hamil v. Bashline,* 481 Pa. 256, 392 A.2d 1280 (1978). Moreover, ordinarily one party may not utilize the opinions of another party's expert to establish any necessary elements in the first party's case in chief.

For the foregoing reasons we grant defendant doctor's motion for summary judgment concerning count III of plaintiff's complaint involving informed consent.

The situation is different, however, concerning count I in negligence. We agree with plaintiff that defendant physician may have a duty to disclose to his patient new information which renders a former surgical procedure ineffective or risky to accomplish its intended purpose of contraception. This is a duty different from, and separate and apart from, any informed consent obligations. We believe that the jury could find that a reasonable physician would disclose to all Secu-Clip patients newly acquired information which increases the previously assumed statistics for failure rates. And we believe

that a reasonable physician would advise patients promptly upon acquiring such information.

Having determined that there is such a duty to disclose, the question becomes whether plaintiff can establish breach of such duty in the absence of expert testimony. In Pennsylvania there are numerous cases establishing that plaintiff must present expert medical testimony to establish defendant's malpractice, unless the matter is so simple that it is within common knowledge of the average lay juror, or the doctrine of res ipsa loquitur is applicable. See *Jones v. Harrisburg Polyclinic Hospital,* 496 Pa. 465, 437 A.2d 1134 (1981); *Chandler v. Cook,* 438 Pa. 447, 265 A.2d 794 (1970); *Collins v. Hand,* 431 Pa. 378, 246 A.2d 398 (1968).

In our view this matter is so simple that it is within common knowledge of the average lay juror to assess. Accordingly, plaintiff will be permitted to present a case of negligence to the jury, in the absence of an expert witness, limited solely to the theory of failure to disclose. Nothing contained herein shall preclude defendant doctor from providing expert testimony to the contrary on this issue. We are not ruling that expert testimony is inappropriate. We are only ruling that it is not a condition precedent to plaintiff establishing a case in chief on this negligence theory.

For all of the foregoing reasons we grant in part and deny in part defendant doctor's motion for summary judgment.

## ORDER OF COURT

Now, November 9, 1988, upon consideration of the motion of defendant John S. Stevens Jr., M.D., for summary judgment filed August 19, 1988, upon consideration of the briefs of the parties, after oral argument held this date, and for the reasons ex-

pressed in the accompanying bench opinion, it is ordered that the motion of defendant John S. Stevens Jr., M.D., for summary judgment is granted in part and denied in part.

It is further ordered that the motion for summary judgment is denied in connection with that portion of count I of plaintiff's complaint alleging a cause of action in negligence for failure to disclose to plaintiff new information acquired by defendant doctor in 1984.

It is further ordered that in all other respects defendant's motion for summary judgment is granted.