J-A08004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL FREY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SUN OIL COMPANY, SUNOCO, INC. | : | No. 1794 EDA 2017 |
| (R&M), SUNOCO PARTNERS, LLC, | : | |
| SUNOCO PARTNERS MARKETING & | : | |
| TERMINALS, L.P., SUNOCO | : | |
| LOGISTICS PARTNERS, L.P., | : | |
| SUNOCO LOGISTICS PARTNERS GP, | : | |
| LLC, AND SUNOCO LOGISTICS | : | |
| PARTNERS OPERATIONS GP,LLC | : | |

Appeal from the Order Entered April 28, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  150901689

BEFORE:   PANELLA, J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED NOVEMBER 30, 2018**

Michael Frey appeals from the order, entered in the Court of Common Pleas of Philadelphia County, granting summary judgment in favor of Sunoco Partners Marketing & Terminals, L.P. ("Sunoco").   After our review, we reverse and remand for further proceedings.

Frey, a fuel tank driver for BRT, Inc., was injured while attempting to pick up the loading arm at a Sunoco petrochemical terminal in Malvern.  In

_____

* Retired Senior Judge assigned to the Superior Court.

his complaint, Frey alleged he pulled his tanker truck up behind another truck, where he observed a Sunoco employee fueling his tank. After the Sunoco employee finished, Frey pulled his truck into the loading rack, exited his vehicle, and attempted to pick up the loading arm. As he picked it up, he felt resistance and a "pop" in his right knee; Frey noticed the loading arm had been positioned underneath an adjacent arm, and that the Sunoco employee using it prior to him had failed to return it safely to the rack, causing it to become lodged or wedged underneath another loading arm. Frey alleged the resistance caused him to exert abnormal force and sustain a partial tear of his right hamstring and a right meniscus tear, among other injuries.

Frey asserted claims for direct and vicarious liability against Sunoco, based upon his assertion that a Sunoco employee negligently failed to place the loading arm in a safe position before driving away. A valid claim for negligence requires the establishment of four elements: (1) a legally recognized duty; (2) a failure to perform that duty, otherwise known as a breach; (3) the breach of the duty caused the plaintiff's injury; and (4) a compensable injury. **See Brandon v. Ryder Truck Rental, Inc.**, 34 A.3d 104, 108 (Pa. Super. 2011).

Sunoco moved for summary judgment, arguing, among other issues, that Frey had failed to present an expert opinion on liability and had failed to establish Sunoco had notice of the hazardous condition.

The court concluded Frey was required to submit an expert report on the issue of whether the location of the loading arm was a breach of the applicable standard of care. The court's order stated, "[w]hether the industrial fueling arm at issue . . . was either inoperable or a dangerous condition or improperly placed into position is not within the common knowledge of the jurors or other factfinder." Order, 4/20/17. Since Frey had not proffered an expert report, the court granted summary judgment, concluding that Frey could not establish the element of breach in the absence of an expert opinion. The court noted:

> The operation of loading arms and fueling of commercial vehicles at an industrial petroleum terminal, as well as the applicable standards of care, are not within the common knowledge of a lay person, and therefore, this [c]ourt determined that expert testimony would be required. Frey has failed to submit an expert report to support his claims.

Trial Court Opinion, 10/31/17, at 4.

On appeal, Frey argues this conclusion was in error. We agree.

We review a challenge to the entry of summary judgment as follows.

> [We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary. In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a nonmoving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the

- 3 -

moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*E.R. Linde Constr. Corp. v. Goodwin*, 68 A.3d 346, 349 (Pa. Super. 2013) (citations omitted).

"Expert testimony becomes necessary when the subject matter of the inquiry is one involving special skills and training not common to the ordinary lay person." *Storm v. Golden*, 538 A.2d 61, 64 (Pa. Super. 1988) (citations omitted). Here, a jury need only understand that the failure of the Sunoco employee to return the loading arm to its proper position caused a dangerous condition, in turn causing Frey to exert abnormal force when lifting the loading arm. The issues of weight and resistance can be explained to the jury through testimony and visuals. Frey points out that the fuel loading arms at the Sunoco terminal are similar to fuel pumps used by people every day at gas stations, albeit much larger and heaver. The principle of returning the loading arm to the proper position is the same.

Further, we agree with Frey's argument that expert testimony of industry custom or standard is not required where the facts are not complicated and the danger is apparent from the act itself. Frey alleges that a Sunoco employee was negligent in wedging the fuel-loading arm under another fuel-loading arm instead of replacing it properly immediately prior to Frey's use. This concept is not complex. *See Ovitsky v. Capital City Economic Development Corp.*, 846 A.2d 124 (Pa. Super. 2004) (expert

- 4 -

testimony not required in negligence actions "where the matter under investigation is so simple, and the lack of skill or want of care so obvious, as to be within the range of the ordinary experience and comprehension of even nonprofessional persons.") (quoting **Chandler v. Cook**, 265 A.2d 794, 796 n.1 (Pa. 1970)).  It is for the jury to evaluate whether the Sunoco employee's conduct in returning the loading arm to an unsafe position was negligence and whether that conduct led to Frey's injuries.  Jurors, reasonably expected to apply their own training, knowledge, intelligence and experience to the evidence presented, are capable of understanding this issue.  **See Collins v. Zediker**, 218 A.2d 776, 777 (Pa. 1966) ("Phenomena and situations which are matters of common knowledge may not be made the subject for expert testimony.").  As Justice Musmanno advised in **Collins**:  "Jurors are humans and are impressed by scientific talk, even though, upon profound reflection, they could realize that in the particular field under discussion they are as much at home as the scientist."  **Id.** at 778.  **See also McKenzie v. Cost Bros., Inc.**, 409 A.2d 362, 366 (Pa. 1979) (holding evidence of industry custom and practice unnecessary where case is not complex).

We conclude, therefore, that the issue here is not beyond the ken of the average layperson.  Accordingly, we conclude the trial court erred in ruling that Frey required expert testimony to prove his negligence case against Sunoco.  We, therefore, reverse the trial court's order entering summary judgment and remand for further proceedings.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/30/18</u>