J-S48004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ELAINE MICKMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WHITE AND WILLIAMS, LLP | : | No. 3083 EDA 2019 |

Appeal from the Order Entered September 24, 2019,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  No. 180801787.

BEFORE:  KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KUNSELMAN, J.:                    Filed: March 5, 2021

Elaine Mickman appeals from the order granting summary judgment in favor of her attorneys, White and Williams, LLP, ("W&W") in this legal malpractice action.  Upon review, we affirm.

This case arose from other litigation summarized as follows.  In 2003, Mickman's ex-husband filed for divorce and equitable distribution in the Court of Common Pleas of Montgomery County, Pennsylvania. The divorce action was very contentious.  The couple owned several corporations, and Mickman wanted to ensure that the corporate assets were properly divided.

On December 1, 2007, Mickman hired W&W to represent her in connection with separate litigation she wanted to file against her estranged husband Richard Mickman, American International Processing, Inc. [AIP] and other individuals and corporate defendants.  As part of their representation,

W&W agreed to "prepare and serve requests for information from corporations in which [Mickman] was a shareholder" to gather information that she could also use in her divorce action.

In early 2009, W&W filed suit in the Court of Chancery in the state of Delaware against AIP and others. Over the course of the next two years, the parties engaged in discovery, which included several disputed motions.

On June 29, 2011, the Pennsylvania trial court issued an amended divorce decree, which incorporated equitable distribution and support orders. As part of the equitable distribution, the court awarded 30% of AIP and a related company, LFF, LLC, to Mickman, and 70% of those assets to her ex-husband. The court noted that its award took into account all of Mickman's earnings from AIP. Significantly, the court also directed Mickman to terminate all proceedings against AIP, LLC and any related businesses and various John Does in the State of Delaware. Mickman appealed the equitable distribution order to this Court. The Delaware case was stayed pending that appeal.

On October 18, 2012, this Court affirmed the distribution order. Shortly thereafter, W&W informed opposing counsel in the Delaware case that it intended to move forward and pursue claims that were not encompassed by the equitable distribution order. During a conference on March 14, 2014, the Delaware court directed Mickman to file an amended complaint by April 2, 2014.

On March 28, 2014, a few days before the amended complaint was due, W&W filed a motion to withdraw as Mickman's counsel in the Delaware case,

based on Mickman's failure to pay legal fees and expenses. W&W also requested additional time for Mickman to file her amended complaint (since they had not yet done so), and requested the court to stay any further proceedings so Mickman could retain new counsel. Mickman and the defendants opposed the motion. The court took the matter under advisement.

A few months later, on June 5, 2014, AIP filed a motion to dismiss the Delaware case.

On August 20, 2014, the Delaware Court granted W&W's motion to withdraw. The court granted Mickman additional time to obtain new counsel and file an amended complaint. Mickman, *pro se*, filed an amended complaint, but it was never answered.

On January 15, 2015, the trial court in the divorce action held Mickman in contempt for her failure to terminate the Delaware case. It again directed Mickman to terminate the Delaware case by February 11, 2015. Mickman did not comply. The next day, the defendants again moved to dismiss that case.

On June 25, 2015, the Delaware Court granted the defendants' motion to dismiss Mickman's case with prejudice, based upon, *inter alia*, the Pennsylvania court's directive to Mickman. Mickman did not appeal that order.

More than three years later, on August 20, 2018, Mickman, *pro se*, initiated this lawsuit against W&W; she asserted four causes of action in three counts in her complaint. In Count One "Breach of Contract and Fiduciary Duty," Mickman alleged:

[W&W] Breached the Contract . . . to [Mickman] by failing to file an Answer/Objection to a June 5, 2014 Motion to Dismiss filed by opposing counsel while [W&W] was [Mickman's] attorney of record until they were granted to withdraw August 20, 2014 . . . . breached their contractual duty to provide legal service in a manner consistent with the profession at large, and their Breach of Contract and Fiduciary Duty sabotaged and prejudiced [her] case.

Complaint, ¶ 4.

In Count Two, "*Quantum Meruit*-Unjust Enrichment," Mickman alleged in part:

[W&W] was unjustly enriched by knowingly accepting and benefiting from [Mickman's] payments without providing [her] any tangible legal services of value.

Complaint ¶ 7. Mickman sought return of legal fees in the amount of $112,700.

In Count Three, "Fraudulent and Deceptive Practices," (Fraud) Mickman alleged:

[W&W] deceived [her] and fraudulently represented that they "would see [her] legal matter through because the case was meritorious." The amount of legal fees billed by [W&W] was excessive to substantiate that they took an unfair advantage and perpetrated a fraud against them.

Complaint ¶ 8. Mickman additionally claimed that W&W had a conflict of interest in representing the debt collection company against her.

Following the completion of discovery, W&W filed a motion for summary judgment. W&W claimed that: 1) the fraud and breach of fiduciary duty claims were barred by the statute of limitations; 2) the *quantum meruit*/unjust enrichment claims did not apply because there was a written contract between

Mickman and W&W; and 3) Mickman could not prove that she would have recovered a judgment in the Delaware case if it were not for W&W's alleged breaches.

The trial court granted W&W's motion. Mickman filed this timely appeal. Both the trial court and Mickman complied with Pennsylvania Rule of Appellate Procedure 1925.

Mickman raises the following single issue for our review:

1. Whether the [t]rial [c]ourt erred when it rested its decision to grant a motion for summary judgment by relying on facts that were material and in dispute to determine that [Mickman's] claims should be dismissed.

Mickman's Brief at 3 (footnote omitted).

Initially, we observe that Mickman has failed to comply with the Pennsylvania Rules of Appellate Procedure. Her statement of errors complained of on appeal and her statement of questions involved are not sufficiently specific, and therefore violate appellate Rules 1925(b) and 2116, respectively. Rule 1925(b) requires an appellant, *inter alia*, to "concisely identify each ruling or error that the appellant intends to challenge **with sufficient detail** to identify all pertinent issues" for the trial court judge. Pa.R.A.P. 1925(b)(4)(ii) (emphasis added). We have emphasized:

> Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal. This Court has further explained that a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all.

- 5 -

***Tucker v. R.M. Tours***, 939 A.2d 343, 346 (citations and quotation marks omitted). This Court also has held that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waive**r of the issues raised." ***U.S. Bank, N.A. v. Hua***, 193 A.3d 994, 997 (Pa. Super. 2018) (emphasis in original, citation omitted); ***see also Greater Erie Indus. Dev. Corp.***, 88 A.3d 222, 224 (stating that this Court does not have discretion to ignore the internal deficiencies of Rule 1925(b) statements).

Similarly, Rule 2116, provides that "the statement of the questions involved must state concisely the issues to be resolved, ***expressed in the terms and circumstances of the case*** but without unnecessary detail." Pa.R.A.P. 2116(a) (emphasis added). The rules further provide that non-compliance may result in quashal. Pa.R.A.P. 2101; ***see Wilkins v. Marsico***, 903 A.2d 1281, 1285 (Pa. Super. 2006) (holding that significant deviations from the rules governing appellate briefs are sufficient grounds to suppress an appellant's brief and quash the appeal).

Here, Mickman's 1925(b) statement of errors and the statement of issues in her appellate brief only allege that the trial court erred in granting summary judgment generally; Mickman did not identify which claims she believes should have survived or which disputed facts she believes the trial court ignored when granting the motion for summary judgment. The purpose of the 1925(b) statement is to sufficiently identify issues for the trial court, so it can address them in its opinion to this Court. Mickman's general statement

that "the trial court erred in granting summary judgment" fails to meet the purpose of this rule.

Additionally, Rule 2119 provides that, "the brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." In her brief, Mickman only cursorily discussed her breach of contract and fraud claims. She made no argument regarding her unjust enrichment or breach of fiduciary duty claims. It is well settled that the failure to present argument in a brief constitutes waiver of the claim on appeal. *See, e.g., Commonwealth v. Sneddon*, 738 A.2d 1026, 1028–1029 (Pa. Super. 1999). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." *Commonwealth v. Drew*, 510 A.2d 1244, 1245 (Pa. Super. 1986).

Because Mickman failed to comply with the appellate rules set forth above, we are compelled to find that she waived her sole appellate issue.[1]

_____

[1] We acknowledge that Mickman represented herself at the outset of her appeal and has no legal training. However,

> "a *pro se* litigant . . . is not entitled to any particular advantage because he lacks legal training. . . . [A]ny layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing."

*Satiro v. Maninno*, 237 A.3d 1145, 1151 (Pa. Super. 2020) (quoting *Commonwealth v. Rivera*, 685 A.2d 1011 (Pa. Super. 1996). We also acknowledge that current counsel endeavored to amend Mickman's concise

Were we to consider the merits of Mickman's appeal, we nonetheless would affirm the trial court's entry of summary judgment.

Regarding her breach of contract claim set forth in Count One of her complaint, Mickman claimed she did not need expert testimony because W&W's failure to represent her was obvious. *Id.* at 13. Under Pennsylvania law, "an individual who has taken part in an attorney-client relationship may sue his attorney for malpractice under either a trespass [tort] or assumpsit [contract] theory, each of which requires the proof of different elements." *Fiorentino v. Rapoport*, 693 A.2d 208, 212 (Pa. Super. 1997). Regardless of the nature of Mickman's action,[2] we agree with the trial court that she needed expert testimony to establish both the elements of her claim, and that W&W's conduct fell short of what was expected of them as her attorneys. *See Gorski v. Smith*, 812 A.2d 683, 697 (Pa. Super. 2002); *Storm v. Golden*, 538 A.2d 61, 64 (Pa. Super. 1988) (holding that by its very nature, the specific standard of care attributed to legal practitioners necessitates an explanation by an expert witness when a jury sits as the fact finder). The only exception is "where the matter under investigation is so simple, and the lack of skill or want of care is so obvious, as to be within the range of the ordinary experience

statement, but this Court denied that request without prejudice to make that request with the trial court. Neither counsel nor Mickman made any additional request with the trial court.

[2] If it were a negligence claim, we note that Mickman would have had to file a certificate of merit under Rule 1042.3. Where no certificate of merit is filed, the trial court may dismiss the claim. *Zokaites Contracting Inc. v Trant Corp.*, 968 A.2d 1282, 1287 (Pa. Super. 2009).

and comprehension of even nonprofessional persons." ***Chandler v. Cook***, 265 A.2d 794, 796 (Pa. 1970). Given the complexity of the Delaware case where W&W represented Mickman, the issues were not as simple as "an attorney who fails to file a response to a motion to dismiss which causes you to lose your case breached his contract to you," as Mickman claims.

In addition, Mickman needed expert testimony to prove any damages she would have recovered but for W&W's alleged breach of duty. ***See Wachovia Bank v. Ferretti***, 935 A.2d 565, 571 (Pa. Super. 2007). Nominal damages, speculative harm, or the threat of future harm not yet realized is not sufficient. ***Id.*** The nature of a shareholder action and any losses arising therefrom are matters not within the ordinary knowledge of a layperson.

Additionally, summary judgment was proper on Mickman's breach of fiduciary duty claim; this claim was also set forth in Count One of her complaint and was based upon the same allegations as her breach of contract claim. Even assuming the action was not barred by the statute of limitations,[3] Mickman failed to produce any evidence to support her claim that the 2015 dismissal of the Delaware case was caused by W&W's failure to file a response to the motion to dismiss, especially when W&W was granted permission to

---

[3] This claim is governed by a two-year statute of limitations which either began to run on August 20, 2014, when W&W sought to withdraw from her case, or at the latest, on June 25, 2015, when the Delaware court dismissed her case. Because Mickman only filed this action in August 2018, she was well past the two-year deadline.

withdraw from the case in 2014. See Trial Court Opinion, 9/24/19, at 5-6. Without this evidence, Mickman cannot establish she is entitled to relief.

Summary judgment was also proper on Mickman's unjust enrichment claim set forth in Count Two of her complaint. Our Supreme Court has held that "the quasi-contractual doctrine of unjust enrichment is inapplicable when the relationship between parties is founded on a written agreement or express contract." ***Schott v. Westinghouse Elec. Corp.***, 249 A.2d 443, 448 (Pa. 1969). Here, it is undisputed that Mickman had a written agreement for legal services with W&W. Therefore, this alternative claim fails as a matter of law.

And finally, summary judgment was proper on Mickman's fraud claim set forth in Count Three of her complaint. Mickman argues that W&W engaged in fraudulent billing in 2014 when it billed her for services during the pendency of the motion to dismiss in the Delaware case. The statute of limitations for a cause of action or proceeding to recover damages for injury or property based on deceit or fraud is two years. 42 Pa.C.S.A. § 5524(7). In an action based upon a fraud, the statute of limitations will run from the date of the fraudulent act complained of. ***Turtzo v. Boyer***, 88 A.2d 884, 885 (Pa. 1952). Clearly, any alleged fraud arising from services for which W&W billed Mickman in 2014, before it sought to withdraw from her lawsuit, is barred by the two-

year statute of limitations.  Therefore, the trial court properly concluded that Mickman's claim regarding W&W's billing in 2014 was time barred.[4]

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/5/21

---

[4] As to Mickman's argument that W&W engaged in fraud in 2018 when they sought to recover their outstanding fees, it does not appear from the record that Mickman raised this claim before the trial court.  Consequently, this claim is waived.  Moreover, we note that W&W filed a separate lawsuit against Mickman to collect outstanding fees she owed to W&W.  That collection action was ultimately resolved by this Court.  If Mickman had any issues relating to the validity of W&W's legal fees, she should have addressed them in that matter.